the tops of the arms, V." *Held* that, in view of the prior state of the art, the claim is limited to the specific elements named, and is not infringed by a jack having a collar integral with the standard, and incapable of any movement. 48 Fed. Rep. 302, affirmed.

2. SAME—EXTENT OF CLAIMS.
   Claims cannot be enlarged by construction. 48 Fed. Rep. 302, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

In Equity. Suit by Pettibone, Mulliken & Co. against Arthur L. Stanford for infringement of patent. Bill dismissed. See 48 Fed. Rep. 302. Complainants appeal. Affirmed.

Dyrenforth & Dyrenforth, for appellants.
Geo. Payson and L. L. Bond, for appellee.

Before WOODS, Circuit Judge, and BUNN, District Judge.

PER CURIAM. The decree appealed from is affirmed, upon the grounds stated in the opinion of the court below.

---

## STARLING v. WEIR PLOW CO. et al.

(Circuit Court of Appeals, Seventh Circuit. October 27, 1892.)

1. PATENTS FOR INVENTIONS—PATENTABILITY—NOVELTY—SULKY PLOWS.
   The first claim of letters patent No. 154,293, issued August 18, 1874, to William Starling, for an improvement in sulky plows, consisting of the combination of a crank bar with the plow beam, lever, and axle, so that the horses are made to raise the plow out of the ground, is void for want of novelty. 49 Fed. Rep. 637, affirmed.

2. SAME—RES ADJUDICATA.
   A decision that a patent which has three claims, covering different features of the device, is not void for want of novelty, does not render the question of novelty res adjudicata when a single one of the claims is attacked in a subsequent suit for want of novelty, and proof is introduced in such subsequent suit that was not offered in the former suit. 49 Fed. Rep. 637, affirmed.

Appeal from the Circuit Court of the United States for the Southern Division of the Northern District of Illinois.

Suit by William Starling against the Weir Plow Company and William Weir to restrain an alleged infringement of a patent. The bill was dismissed for want of equity. 49 Fed. Rep. 637. Complainant appeals. Affirmed.

H. W. Wells, for appellant.
Bond, Adams & Pickard, for appellees.

Before GRESHAM and WOODS, Circuit Judges, and JENKINS, District Judge.

PER CURIAM. The decree appealed from is affirmed, upon the grounds stated in the opinion of the court below, reported in 49 Fed. Rep. 637.