ROCKER SPRING CO. v. WILLIAM D. GIBSON CO. (three cases.)

(Circuit Court, N. D. Illinois. September 7, 1893.)

Nos. 22,594, 22,871, and 22,872.

1. PATENTS FOR INVENTIONS — SUITS TO RESTRAIN INFRINGEMENT — RES JUDICATA.
    Where, in a suit to enjoin infringement of a patent, the only evidence introduced in support of the defense of want of novelty relates to alleged prior inventions of the defendant, a decree for complainant is not conclusive in a second suit against other defendants, in which the claim is made that the complainant's patent was anticipated by the inventions of other parties, since the defenses to the two suits are not the same.

2. SAME — PRELIMINARY INJUNCTION — ROCKING-CHAIR SPRINGS.
    The novelty of the inventions described in letters patent No. 354,043, issued December 7, 1886, to M. D. and T. A. Connolly, No. 247,472, issued September 27, 1881, to Biersdorf & Bunker, and No. 297,108, issued April 22, 1884, to W. J. Bunker, for spring attachments for rocking-chairs, is so questionable, in view of the previous state of the art, as shown by Carter's patent, No. 156,130, of October 20, 1874, Connolly's patent, No. 185,501, of December 19, 1876, and Biersdorf & Bunker's patent, No. 214,871, of April 29, 1879, that a preliminary injunction against their infringement should not be granted.

In Equity. Three suits brought by the Rocker Spring Company against the William D. Gibson Company to restrain the alleged in-

fringement of certain patents.. Complainant moved for a preliminary injunction. Motion denied.

·Banning, Banning & Payson, for complainant.
Offield, Towle & Linthicum, for defendant.

SEAMAN, District Judge. Motion is made for preliminary injunction in three actions in equity by the Rocker Spring Company against the William D. Gibson Company upon the following letters patent, respectively: (1) No. 354,043, of December 7, 1886, to M. D. & T. A. Connolly; (2) No. 247,472, of September 27, 1881, to Biersdorf .& Bunker; (3) No. 297,108, of April 22, 1884, to W. J. Bunker. The complainant's claim rests mainly on the first-mentioned (Connollys') patent, and, for right to injunction, a decision is shown in the northern district of Ohio sustaining the first two patents, in Spring Co. v. Flinn, 46 Fed. Rep. 109. Public acquiescence is alleged as to all, and submissions to injunction, where suits have been brought.

It is asserted that these patents cover the use in platform rocking-chairs of "broad, short, stiff springs, closely coiled, rigidly attached to brackets at their ends, and constituting the only connection between the rockers and the base of the chair, so as to dispense with ancillary or additional fastening devices." If the Connolly patent appears valid, and entitled to this construction, for the purposes of this motion, I think infringement by defendant is clear, and the injunction must issue. The complainant owns these patents, and its principal business appears to be the manufacture of spring attachments for rockers. Its litigation in the Flinn Case was arduous and expensive, resulting in decree in its favor. There can be no just question as to the conduct of complainant in that matter. Its case was fairly presented, and the contest was bona fide. Under these circumstances, it has earned the right to protection by injunction against other infringers, unless new defenses are clearly shown, which did not enter into consideration at the other hearing, and which strongly tend to invalidate the patent, or change the construction there placed.

Respect for the rights and privileges guarantied by the law for the encouragement of invention, and well-recognized rules of comity, as well, forbid reconsideration here, for the purposes of this motion, at least, of the facts which were actually litigated and considered by the court in the Flinn Case. On the other hand, if the new defense appears material and cogent, presenting a different, new, and other state of facts than shown in the previous case, it is proper and necessary›to give consideration to the new phase. As held by the circuit court of appeals, in this circuit, in Starling v. Plow Co., 9 U. S. App. 318, 3 C. C. A. 471, 53 Fed. Rep. 119, (affirming 49 Fed. Rep. 637,) in such case "the rule of comity has no application, or its application is limited." It would be unjust to grant the preliminary. injunction, based wholly upon that adjudication, if it appears probable that the new facts, well proved, would have led, or would lead, to different results. The record in the Flinn Case is here, with com-

plainant's moving papers, and it is claimed in behalf of complainant that the defense brings nothing "which was not produced in kind before Judge Ricks" in the former case. The issue will be considered as narrowed to a clear showing of material difference, and without unnecessary comment upon the merits, which must be determined at final hearing.

1. This record shows that the Flinn defense was entirely directed to acts of Flinn and his foreman, Bell, under him, and to proving his knowledge, use, and invention of platform rocker springs prior to the alleged Connolly invention, and that Flinn's patents were entitled to priority. There was no testimony upon the part of that defendant as to the prior state of the art, aside from his own operations or inventions. He evidently had complete faith in himself, and in the anticipatory character of his designs and personal experience, and refrained from calling in other experience or showing,—whether from conceit, undue confidence, ignorance, or desire to uphold his patents is not material here. The exhibit of a board of springs, produced there for his defense and here offered by complainant, is wholly made up of Flinn's own productions. The opinion there filed bases its conclusions in favor of complainant upon the futility of those proofs, and not upon any consideration of the prior art generally, as to which there was no testimony. In Singer Rocking-Chair Co. v. Tobey Furniture Co., 14 Fed. Rep. 38, (in this circuit,) there was such showing of the prior state of the art in platform rockers that a patent of 1869 was held invalid, in a strong opinion by Judge Drummond, because a "mere mechanical change." There earlier devices were carried back to 1819, while in the Flinn Case they were not brought to notice. It is true that Mr. Bunker, president of complainant, and other witnesses in its behalf, refer in testimony to the prior existence of such rockers, both with rubber and with wire-spring attachments, but only incidentally, and by way of argument of benefits conferred by these patents, and in connection with and to emphasize their showing that the latter had revolutionized the rocker-chair industry,—a claim which is not urged here with much force. Comparisons were made with, and attention confined to, the appliances shown by Flinn, and no other exhibits were brought in. In this state of proofs, and in the absence of any showing of prior patents, the court was left without testimony upon which to raise, fairly, the question of novelty. The defense which there failed was priority of invention and anticipation.

Of the defense here presented, it is sufficient to mention that there is much testimony showing the existence and general use and popularity of platform rockers long prior to the invention here claimed, with various spring attachments, apparently answering the purposes here claimed, if not so perfect, and including an original exhibit of one old "Powers" platform rocker, out of a large quantity manufactured and sold prior to 1880, which had been in constant use since. There are numerous patents now introduced,—all prior to the date of the Connolly patent, and some prior to any claim of their invention,—which have important bearing, and may be found controlling; also, important expert testimony. Much light will then

be afforded, which was wanting in the former case, to determine whether the invention claimed was novel, or was anticipated. For the latter purpose, three of the patents now shown impress me as especially requiring consideration, viz.: Carter's, No. 156,130, of October 20, 1874, which has a rubber ligament or spring; Connollys', No. 185,501, of December 19, 1876, on application filed April 19, 1876, which has the broad, short, spiral spring, but applied to a tilting chair; Biersdorf & Bunker's, No. 214,871, April 29, 1879, which shows two spiral springs for a rocker, rigidly attached, and to avoid which the Connollys appear to have amended their application in question. The Carter patent clearly antedates any claim of invention by the Connollys. The other two are prior to their application, and may be found to have priority in fact, under the circumstances.

2. The Connollys are now shown to have taken out two patents upon their application of July 30, 1880,—one numbered 354,042, and the other, here in question, No. 354,043,—on divisional application. The file wrapper and contents upon that application are brought in, and show, in the original, no reference to use of the spring for the well-known form of platform rockers, but only to "an improvement in a combined tilting and rocking chair." One spring is specified, but it is stated that "two springs of light tension may be employed" instead. As described, it would not seem applicable to the usual platform rocker, and it remains to be determined whether any description, claim, or diagram in the original would so apply it. If not, the patent sued on is invalid. The patents issued of like date; the first in number describing a combined tilting or rocking chair with (preferably) one spring, and the other a "rocker" with two springs,—the springs being similar. It is claimed by complainant that both can stand,—one as generic, and the other specific. In defense it is asserted that the last is for the same invention as the first, and therefore invalid. These questions are clearly open, as they were not before the court in the Flinn Case.

The view here taken renders further comment upon the record unnecessary, and a denial of the motion for a preliminary injunction must follow. The fact that final hearing may soon be had will save the complainant from serious hardship, if it shall successfully meet these difficulties.

The motion is denied.