PRATT et al. v. SENCENBAUGH et al.

(Circuit Court, N. D. Illinois. December 29, 1893.)

1. PATENTS—EVIDENCE OF PRIOR USE.
   Evidence of prior use, showing the identity of the thing used with the article covered by the patent, must be clear and explicit; and it is of little weight when given long after the thing used has been destroyed.

2. SAME—LIMITATION—INFRINGEMENT—CAR-DOOR HANGINGS.
    The Pratt reissue patent, No. 7,795, for an improvement in car-door hangings, is limited by the prior art to the specific form shown in the patent, and is not infringed by a combination which lacks one of its elements.

Bill by Elias E. Pratt and E. C. Stearns & Co. against S. S. Sencenbaugh and Albert J. Ives for infringement of a patent.

Hay & Wilkinson and C. C. Linthicum, for complainants.

J. H. Raymond, for defendants.

JENKINS, Circuit Judge. The bill is filed to restrain the alleged infringement of claims 2 and 3 of reissued letters patent to Elias E. Pratt, numbered 7,795, dated July 17, 1877, the original of which letters patent were issued December 5, 1876, and numbered 184,-983. Claim 3 of the reissue is claim 2 of the original patent. Claim 2 of the reissued patent first appears in the reissue. The patent is for an improvement in car-door hangings, the specifications stating that doors hung in the manner described may be used for barns and warehouses, and in a variety of places, without departure from the spirit of the invention. The invention described consists of a door-hanging for sliding doors, comprising in its organization an overhead track of two parallel rails separated by an intervening longitudinal slot, and secured to a support by which the rails are held in position; trucks of two wheels each, arranged side by side, and secured to an axle which extends transversely over the slot between the rails, on which latter the wheels of the trucks run; hanger irons elongated in the longitudinal direction of the rails, resting loosely upon the axle of the trucks, and extending downwardly through the slot; and a door attached to the hanger irons, and supported by them below the rails. The elongated hanger irons, resting upon the axles of the trucks, are said to permit a rolling motion of the hanger irons on the axle in the longitudinal direction of the rails, and afford to the door a limited lateral play, by which the door can adapt itself to the position of the ways, which may vary from imperfection in workmanship or settling of the supports. A further feature of the invention is a housing which contains the rails on its inner side, and extends over the rails and the trucks and hanger irons, inclosing and protecting them from interference, or as stated in the specifications, "preventing the working parts described from clogging with snow and ice, and also the entrance of sparks, dust, rain, etc., over the doors, into the body of the car." Claim 2 of the patent is as follows: "In a device for hanging the door of a car, the laterally elongated staple of lug, F, constructed and arranged to operate with the trucks, D, and door, G, substantially as set forth and specified." Claim 3 is as follows: "The door, G, lugs, F, trucks, D, and runlet, B, combined and arranged to operate substantially as set forth and specified." The defendants deny the novelty of the alleged invention, and deny that Pratt was the first and original inventor of the alleged improvement; deny that any door hangers for houses were ever made, sold, or used under said patent; and claim that the alleged invention, however valuable for freight cars, is impracticable for the use of hanging doors in houses. They assert that claim

2 of the reissue is an unwarranted enlargement of the original patent, and is invalid and void, and that the door hangers manufactured by them are so made under letters patent of the 22d of June, 1886, numbered 343,994, and of the 1st of March, 1887, numbered 358,613.

The patent in controversy has been the subject of considerable litigation. It was first before the United States circuit court for the Eastern district of Pennsylvania in the case of Pratt against Lloyd & Supplee in 1887, and was sustained by Judges McKennan and Butler. It was there held that the novelty of the combination or invention was fully sustained, and that claim 2 of the reissued patent was not an unwarranted enlargement of the claim of the original, but merely a fuller statement of the ideas originally expressed, and that, while it might seem to be narrower, a careful examination would show that it was substantially the same as the second claim of the original patent, which is the third claim of the reissued patent; the court observing: "While the runlet or covered track is not expressly named, it is plainly implied. The device described would be incomplete without it, or another substantially like it." If I correctly conceive the drift of the decision, it is to the effect that claims 2 and 3 of the reissued patent are identical. The patent next came under review in the case of Pratt v. Wright, in the United States circuit court for the Northern district of New York (65 Fed. 99), and was sustained by Judge Wallace in 1890. In his opinion that learned judge considers the question as to the validity of the second claim, "fairly doubtful," but under the rule of comity deems it his duty to follow the decision of the circuit court for the Eastern district of Pennsylvania. The patent is said to have been also sustained by Judge Colt in the case of Dunham Manuf'g Co. v. Coburn Trolley Track Manuf'g Co., 65 Fed. 98. I am furnished with no report of that decision. It is said here that this court should not follow these prior decisions through any reason of comity, because, while they are entitled to high respect as precedents, this case presents a different state of facts with respect to novelty of invention, and therefore it must be determined without regard to those decisions. It is true that the application of the rule of comity is limited to a case involving the same state of facts. This was held in Starling v. Plow Co., 9 U. S. App. 318, 3 C. C. A. 471, 53 Fed. 119. Substantially the only new matter that is presented here, and was not considered by the various courts in the other cases, has reference to the paint-mill door, testified by the defendants to have been in use in the year 1870. It is only necessary to say, as to that, that that door, whatever it was, was destroyed long ago by fire, and no living witness testifies to its construction except the defendant Ives and his brother. It is well settled that evidence of prior use, when the thing used is not produced, is of little weight, after a long interval, as to its identity with the patent in evidence. The testimony with respect to such prior use must be explicit and convincing, and the evidence in this case with respect to the paint-mill door is not so satisfactory as to warrant me in declining to follow the decisions already had upon this patent.

Coming, now, to the question of infringement. As I have stated, the Pennsylvania court seems to have sustained claim 2 of the reissue solely upon the ground that the runlet, B, is a necessary element of that claim. It logically follows, I think, that under such construction claims 2 and 3 are identical. Then we must consider the character of the invention or combination protected by the complainants' patent. Sliding doors were old. Wheels with axles between for supporting sliding doors were old. It was old to have two wheels running on tracks, and to support the sliding door upon the axle between the wheel. It was old to provide runlets in covered tracks for supporting wheels to run upon. In other words, all the elements, and their combinations, of the Pratt patent, were old, except in the specific form shown and described by Pratt, and he is entitled to protection for that specific combination. Without considering further whether the defendants' device for an adjusting hanger is an equivalent of the hanger of the Pratt device, I think the bill must fail upon the ground that the runlet, B, of the complainants' device is not found in the defendants' device, and that the defendants, do not, therefore, infringe. It follows that the bill must be dismissed.