68 U.S. 491 (1863)
1 Wall. 491
TURRILL
v.
THE MICHIGAN SOUTHERN, &c., RAILROAD COMPANY.
Supreme Court of United States.

*496 Mr. B.R. Curtis, for the plaintiff in error.
*505 Mr. Keller, contra.
*508 Mr. Justice CLIFFORD delivered the opinion of the Court.
I. Patentee describes his invention as a new and useful improvement in the common anvil or swedge-block, for the purpose of welding up and re-forming the ends of railroad rails, when they have exfoliated or become shattered from unequal wear, occasioned by the inequalities of the road. Having made out a primâ facie case, the plaintiffs rested, and the defendants then introduced certain models of machines, for the purpose of showing that the patentee was not the original and first inventor of his improvement. Models of machines so introduced were the following, to wit: First, a model of an angle-iron machine. Secondly, a model of an anchor machine. Thirdly, a model of a bayonet machine. Fourthly, they also introduced a copy of an English patent granted to one Church, with the specifications and drawings annexed, and the statement in the bill of exceptions, in regard to all those machines, is that they were known prior to the invention of the patentee in this case. Bill of exceptions also states, and it is important to observe the fact, that in addition thereto the defendants also adduced evidence to show, and that it was admitted by the plaintiffs, *509 that movable press-blocks, in combination with faces of various shapes and used for various purposes, were older than the alleged invention of patentee. Other evidence, it is stated in the bill of exceptions, was also introduced by the defendants, for the purpose of showing that the patentee was not the original and first inventor of the machine for which he obtained the patent; but the evidence is not given, and it is not perceived that the statement is of any importance at the present time.
II. Charge of the court is given entire in the record; but in the view taken of the case, it will only be necessary to refer to so much of it as relates to the construction of the patent, and the effect of the admission made by the plaintiffs. Construction of the patent, as given by the court, was that the patentee claimed as his invention the movable press-block, having its edge formed to the side of the rail in combination with the block D, the movable blocks to be operated by two cams, or in any other convenient manner. "Specification shows," said the court, "that the block D is fixed and is a part of the anvil or swedge-block, in combination with which, as well as with the fixed block, the movable block is to be used." Such is the substance of the charge so far as respects the construction of the patent; but the court added, in the same connection, that "movable press-blocks in such combination, with faces of various shapes and used for various purposes, it is clearly proved and frankly admitted, are greatly older than the alleged invention of the patentee;" and in support of that proposition of fact, the presiding justice referred to the several models given in evidence by the defendants, and to the description contained in the English patent, as examples of their use and application. Following those references, and in connection therewith, the court told the jury that "the patentee, therefore, claims that of which he is not the inventor, and this fact is fatal to the patent, and entitles the defendants, as matter of law, to your verdict." Exceptions were seasonably and duly taken to all that portion of the charge of the court. Principal complaint against the charge is that the court decided a *510 question of fact which belonged to the jury, and which should have been submitted to their determination under proper instructions.
III. Whether that complaint is well founded or not depends very much, if not entirely, upon the construction to be given to the patent. Patents for inventions are not to be treated as mere monopolies, and, therefore, odious in the eyes of the law; but they are to receive a liberal construction, and under the fair application of the rule, ut res magis valeat quam pereat, are, if practicable, to be so interpreted as to uphold and not to destroy the right of the inventor. (Ryan v. Goodwin, 3 Sum. C.C.R., 520.)
Claim of the patentee in this case is not for the anvil-block nor its recesses, as is expressly stated by him in his specification. On the contrary, what he claims as his invention is the movable press-block, having its edge formed to the rail, in combination with another block, which is described as a fixed block, and whose edge is of a similar but reversed form, for the purpose of pressing between them the railroad rail. Shape of the rail is immaterial, except that the inner face or edge of the respective blocks must be so made and formed as to fit the respective sides of the rail to be repaired. Statement of the claim is, that the movable blocks may be operated by two cams, or in any other convenient manner, and the representation is that the machine will greatly facilitate the operation of welding and renewing the ends of such rails, after they have been damaged in the manner herein described and set forth. Taking the description of the machine as set forth in the specification, it consists of the following elements: First, a bed-sill, on which the anvil is placed. Secondly, the anvil or swedge-block of cast iron, usually four or five feet long, and sixteen inches across the face. Thirdly, a solid block cast with and making a part of the anvil, nearly as high as the rail when it is laid across the anvil in its usual position. Fourthly, a movable press-block, attached to the face of the anvil by dovetailed tongues and grooves, having an inner edge or face shaped to fit the opposite side of the rail so as to inclose the rail between *511 the two, as in the jaws of a vice. Press-block, as before remarked, is worked by two eccentric cams, which serve to advance the press-block upon its dovetailed tongues and grooves parallel to the opposite face of the fixed block. When the press-block has been thus advanced so far as to bring its face in contact with one side of the rail, the cams and the tongues and grooves hold the press-block in position, and the rail is firmly grasped between the inner faces of the two blocks. Inventor then goes on to describe the mode of using the machine, which he says is extremely simple and effective, and sufficient has already been remarked to show that his representation is correct, without reproducing the description. Immediately following that description, is the claim of the patent, as heretofore given, which need not be repeated.
IV. Evidently, the claim must be construed in connection with the explanations contained in the specification, and when viewed in that light, it is quite clear that it should receive a more restricted construction than was given to it in the charge of the court. Special devices are described as combined and arranged in a particular manner, and operate only in a special and peculiar way for a special purpose, and to effect a special result. Obviously, it is not a claim for any kind of movable press-block, combined and operating in any way with any kind of fixed block, to accomplish any purpose or effect any kind of result. Giving that construction to the claim, then indeed it would be true that the plaintiffs, when they admitted that movable press-blocks, in combination with faces of various shapes and used for various purposes, were older than the invention of the patentee, did admit away their whole case, and, if viewed in that light, would be equally true that there was no question of fact to be submitted to the jury. But such is not the true construction of the patent, as is obvious from every one of the explanations of the specification. Invention was of such a movable press-block as is described, having its edge formed to the side of the rail in combination with such other block as is described, with its edge of similar but reversed form arranged *512 as described, and combined and operating in the particular way described, for the special purpose of effecting the described result.
When viewed in that light, it is equally clear that the charge of the court was erroneous, because there was an important question of fact which should have been left to the jury, whether the machines introduced by the defendants or any of them, or any of the prior movable press-blocks, as is shown in the admission, were substantially the same as the machine of the patentee. American authorities, at least, hold that every such question is one for the jury, and upon that ground alone we have come to the conclusion that the judgment in this case must be reversed.
Judgment of the Circuit Court is accordingly reversed, with costs, and the cause remanded with direction to issue a
NEW VENIRE.