SULLIVAN.

---

BURKE *v.* PARTRIDGE.

The nature and scope of a patented invention are to be ascertained, not merely from the title given to it in the patent, but from the entire instrument, including the schedule and specification, and all explanatory drawings thereto annexed.

One patent may be taken for different improvements in a single machine; and one patent may include two or more machines or improvements, each of which is or may be auxiliary to produce the same general result.

The inventor of a machine is entitled to the benefit of all the uses to which it can be put, no matter whether he had conceived the idea of the use or not.

An "improved driving gearing," included in the specification of a patent granted for an "improvement in threshing machines," is protected by the same patent when applied to a sawing machine.

A verbal assignment of a patent vests in the assignee an equitable right to grant licenses and collect royalties; and a promissory note given for such license, or in payment for such royalty, is not void for want of consideration.

The purchaser from one who owns "the right to use and vend to others to be used" a patented machine, "for, to, and in the county of M., and in no other places," acquires, by the purchase of such machine, no right to use it in another county; and the holder of an equitable assignment of the patent may demand and recover of such purchaser the royalty for such use.

ASSUMPSIT, on a promissory note. R. & H. having obtained a patent for an "improvement in threshing machines," assigned to S. a part of their interest therein, including "the motive power as secured to us in the third claim of said letters patent." Subsequently H. assigned to S. all his remaining interest in the same improvement, and "also the said improvement in driving gearing, when applied to the driving of threshing machines, sawing machines, * * * " &c. S. sold and transferred to the plaintiff, by a verbal assignment, "Sullivan county, in this state, of the said invention." After this assignment the defendant was discovered to be using, in Sullivan county, a sawing machine to which was attached "the principle of the driving gearing," as applied to the patented improvement in threshing machines, and as described in the third claim of the letters patent. The note in suit was given in response to the plaintiff's demand of a royalty for the use of the machine.

The defendant acquired his machine by an unconditional purchase in Merrimack county, and carried it thence to Sullivan county. His vendor obtained the machine by an unconditional purchase from W., to whom the original patentees had sold and assigned "the sole, full, and exclusive right to use and vend to others to be used the said improvement in motive power * * * for, to, and in the territory of the county of Merrimack * * *, and in no other places."

The defendant excepted to the admission in evidence of the letters patent and the subsequent deeds of any interest therein, on the ground that the plaintiff could acquire no such interest by a verbal assignment as would entitle him to demand a royalty from the defendant.

He also moved for a nonsuit, on the ground that the principle of the driving gearing or motive power, secured by the letters patent, applied only to threshing machines, and, there being no royalty as to sawing machines, there was no consideration for the note; contending, also, that a new idea, to become patentable, must be embodied in working machinery and adapted to practical use; that it can be patented only in connection with the means by which it operates; and that it must be patented in connection with each class of machines by a separate patent. The court denied the motion, but, subject to the plaintiff's exception, ordered a verdict for the defendant.

*Burke*, for the plaintiff.

*S. H. Edes*, for the defendant.

Foster, J.　The nature and scope of a patented invention are to be ascertained not merely from the title given to it in the patent, but from the entire instrument, including the schedule and specification, and all explanatory drawings annexed thereto. All these are to be construed together, in order to ascertain the real subject-matter of the invention. *Hogg* v. *Emerson*, 6 How. 437; S. C., 11 How. 587; *Sickles* v. *Gloucester Manf. Co.*, 1 Fish. Pat. Cas. 222; *Bell* v. *Daniels, ib.* 372; *Locomotive Co.* v. *Erie Railway Co.*, 10 Blatch. 292; *Barrett* v. *Hall*, 1 Mason 447; Curtis on Patents, *s.* 221; U. S. Rev. St., *s.* 4884. This construction is the province of the court. Curtis on Patents, *s.* 222.　And a patent, like any other document, public or private, is to be so construed, if it reasonably may be, as to accomplish its purpose. *Ames* v. *Howard*, 1 Sum. 482, 485; *Blanchard* v. *Sprague*, 3 Sum. 535, 539; *Brooks* v. *Jenkins*, 3 McLean 432, 437; *Parker* v. *Stiles*, 5 McLean 44, 54; *Bloomer* v. *Stolley, ib.* 158; *Goodyear* v. *Railroad*, 2 Wall. Jr. 356, 363; *Allen* v. *Hunter*, 6 McLean 303, 306, 311; *Latta* v. *Shawk*, 1 Bond 259, 262; *Davoll* v. *Brown*, 1 Woodb. & M. 53, 57; *Turrill* v. *Railroad*, 1 Wall. 491, 510; *Seymour* v. *Osborne*, 11 Wall. 516, 533; *Ryan* v. *Goodwin*, 3 Sum. 514, 520; *Imlay* v. *Railroad*, 1 Fish. Pat. Cas. 340, 348, 349, 4 Blatch. 227, 231; *Potter* v. *Holland*, 1 Fish. Pat. Cas. 382, 392, 4 Blatch. 238, 246; *Judson* v. *Moore*, 1 Bond 285, 293, 1 Fish. Pat. Cas. 544, 550; *Wyeth* v. *Stone*, 1 Story 273, 286; *Francis* v. *Mellor*, 1 Pat. Off. Gaz. 48, 50; *Carew* v. *Boston Elastic Fabric Co., ib.* 91, 96; *Blanchard's Gun-Stock Turning Factory* v. *Warner*, 1 Blatch. 258, 280; *Winans* v. *Denmead*, 15 How. 330, 341; *Waterbury Brass Co.* v. *N. Y. & Brooklyn Brass Co.*, 3 Fish. Pat. Cas. 43, 47; *Klein* v. *Russell*, 19 Wall. 433, 466; *Carter* v. *Messinger*, 11 Blatch. 34, 40; *Hullett* v. *Hague*, 2 B. & Ad. 370; *Bickford* v. *Skewes*, 1 Q. B. 950.

"Intention, in every case, it may be admitted, is the primary rule of construction; but language invoked to support a particular theory must be such as is fit, when it is compared with the whole instrument, to express the imputed intention." Clifford, J., in *Mitchell* v. *Tilghman*, 19 Wall. 287, 395, 5 Pat. Off. Gaz. 299, 305; *Evans* v. *Eaton*, 3 Wheat 454, 506; *Many* v. *Jagger*, 1 Blatch. 372, 377, 378; *Allen* v. *Hunter*, 6 McLean 303, 307; *Page* v. *Ferry*, 1 Fish. Pat. Cas. 298, 302; *Merrill* v. *Yeomans*, 5 Pat. Off. Gaz. 267, 269, 270; *Rumford Chemical Works* v. *Lauer*, 10 Blatch. 122; *Piper* v. *Moon, ib.* 264; *Kittle* v. *Merriam*, 2 Curtis 475, 479; *Wintermute* v. *Redington*, 1 Fish. Pat. Cas. 239, 248, 249; *Rich* v. *Close*, 8 Blatch. 41, 43; *Palmer* v. *Wagstaff*, 9 Exch. 501; *Betts* v. *Menzies*, 10 H. L. Cas. 140.

"The general rule is, that patents are to be so construed, if possi-

ble, that the inventor shall have the benefit of what he has actually invented, if he has invented anything." *Woodman* v. *Stimpson*, 3 Fish. Pat.. Cas. 98, 101 ; *Goodyear* v. *Berry*, *ib.* 439, 447, 448 ; *Coffin* v. *Ogden*, *ib.* 640, 645 ; 7 Blatch. 61, 65 ; *Goodyear Dental Vulcanite Co.* v. *Gardner*, 4 Fish. Pat. Cas. 227 ; *Tompkins* v. *Gage*, 5 Blatch. 268, 273 ; *Swift* v. *Whisen*, 2 Bond 115, 127.

In terms, the title of this patent applies to a threshing machine, and no other. The question is, whether the patented invention includes " an improved driving gearing," or the " motive power" involved therein, as described in the third claim of the specification, when applied to a sawing machine.

The purpose of the combination which constitutes the " improved driving gearing" is declared, in the specification, to be the prevention of more strain upon the shafts when the machine is working than when running free. The language of the claim, therefore, does not preclude the broad construction for which the plaintiff contends, if the court can properly allow it. But the contention of the defendant is, that " there must be several patents for several improvements of distinct machines ; that a patent, to be legal, must be for a machine as such, and not for an idea or a principle ;" and that unless the principle, or idea, or mode of operation, be connected with each class of machines by a separate patent, the pretended invention is a mere " abstraction," not patentable.

There can be no doubt that, in cases where an invention for which a patent is sought comes within the category of a machine, the patent must be for it, and not for its " mode of operation," nor for its " principle," nor for its " idea " *(Burr* v. *Duryee*, 1 Wall. 531, 579) ; that a new idea, to become patentable, must be embodied in working machinery, and adapted to practical use ; and that a new force or principle can be patented only in connection with the means by which it operates. *Sickels* v. *Borden*, 3 Blatch. 535 ; *Morton* v. *N. Y. Eye Infirmary*, 5 Blatch. 116 ; *Blanchard* v. *Sprague*, 2 Story 164 ; *Nelson* v. *Harford*, 1 Web. Pat. Cas. 331, 342 ; *Higgins's* Dig. 6, 58 ; *Jupe* v. *Pratt*, 1 Web. Pat. Cas. 146 ; *Househill Co.* v. *Neilson*, *ib.* 673–718 ; Curtis Pat. 140–192. But the driving gearing, as described in the patentee's claim, although involving an idea, a principle, and a mode of operation, is not a mere abstraction if capable of practical application and embodiment in working machinery adapted to practical use. Although the principle can be patented only in connection with the means by which it operates, still, if it be a new principle or mode of operation, capable of such practical adaptation in connection with a threshing machine, it is patentable, though its practical application may be adapted to other kinds and classes of machinery. In order to render different letters patent necessary, the inventions " must be wholly independent of each other, distinct inventions for unconnected objects, as, one to spin cotton, and another to make paper." *Wyeth* v. *Stone*, before cited. But one patent may be taken for different improvements in a single machine ; and one patent may

include two or more separate machines or improvements, each of which is or may be auxiliary to produce the same general result, as a saw and a cutter, each of which may be applied separately to the dividing of ice. If this driving gearing is patentable, as embodying the practical application of a principle to machinery, it may be united in the same patent with other improvements of a threshing machine. And when the means, devices, and organizations are patented, the patentee is entitled to the exclusive use of the mechanical organization, device, or means for all the uses and purposes to which it can be applied, without regard to the purposes to which he supposed, originally, it was most applicable. All modes, however changed in form, but which act on the same principle and effect the same end, are within the patent. *Mc Comb* v. *Brodie*, 5 Fish. Pat. Cas. 384; *Densmore* v. *Schofield*, 4 Fish. Pat. Cas. 148, 154. The principle and mode of operation of this driving gearing, patented in connection with a threshing machine, is a new invention, applicable indeed to various kinds of machinery, but having a common purpose, and performing the same function when variously applied. It is an " improved driving gearing" for the application of motive power, and, whether applied to a threshing machine or a sawing machine, it performs the function and fulfils the purpose of its invention. *Lee* v. *Blandy*, 2 Fish. Pat. Cas. 89 ; *Cook* v. *Ernest*, 5 Fish. Pat. Cas. 396 ; *Moody* v. *Fiske*, 2 Mason 112, 117; *Electric Tel. Co.* v. *Brett*, 10 C. B. 838 ; *Brunton* v. *Hawkes*, 4 B. & Ald. 541. " The inventor of a machine is entitled to the benefit of all the uses to which it can be put, no matter whether he has conceived the idea of the use or not." *Roberts* v. *Ryer*, 91 U. S. 150, 157.

II. An assignment of a patent right is void as against subsequent purchasers without notice, unless it is recorded in the Patent Office within six months from the date thereof. U. S. Gen. St., s. 4898.

But as between the plaintiff and S., his assignor, a verbal assignment was as good as any other. *Pitts* v. *Whitman*, 2 Story 609, 611. The plaintiff had no legal title to an exclusive right derived by this assignment whereby he could, in his own name, sustain an action at law for an infringement of the patent; but the verbal assignment vested in the plaintiff all the equitable right which S. had in the patent for Sullivan county, with the right to prosecute, in the name of S., any infringement of the patent, and the right to grant licenses and collect royalties ; and the sale to the defendant of the plaintiff's equitable interest, to the extent of the right to use this machine in Sullivan county, furnished a sufficient consideration for the note in suit. *Chanter* v. *Dewhurst*, 12 M. & W. 823. A recovery by the plaintiff upon the note in suit would be a bar against any claim of S. against the defendant for the use of the machine, because S., holding the legal title as a mere trustee for the plaintiff, would be estopped to deny the right of the beneficiary to grant a license for the use of the machine. *Oldham* v. *Langmead*,

cited in *Hayne* v. *Maltby*, 3 Term 438, 441; *Cutler* v. *Bower*, 11 Q. B. (N. S.) 973; Higgins's Pat. Dig. 347, 350.

III. The right of the defendant to use the machine in Sullivan county without the plaintiff's license, depends upon the question whether N., the defendant's grantor, had the right to sell the machine without restriction as to its use. N. derived his title from W., who could confer no greater right than he possessed (*Hawley* v. *Mitchell*, 4 Fish. Pat. Cas. 390), which was "the right to use and vend to others to be used the said improvement   *   *   *   for, to, and in the county of Merrimack,   *   *   *   and in no other places. These words limit the place of sale and the place of use. The right of limitation and restriction in a grant by the patentee or his assigns, which would not seem to be questionable, has been judicially recognized. *Chaffee* v. *Boston Belting Co.*, 22 How. 217, 221; *Bloomer* v. *McQuewan*, 14 How. 539, 548, 549; *McKay* v. *Wooster*, 6 Fish. Pat. Cas. 375, 3 Pat. Off. Gaz. 441. The defendant, therefore, as against the plaintiff, acquired by his grant from N. a title to his machine, but a title with a restricted right of use. *Adams* v. *Burks*, 1 Holmes 41. He had no notice of the restriction nor of the plaintiff's equities; but "notice," said CLIFFORD, J., in *Hawley* v. *Mitchell*, before cited, "is not required; as the law imposes the risk upon the purchaser, as against the real owner, whether the title of the seller is such that he can make a valid conveyance or not." If not concluded by the maxim *caveat emptor*, the defendant must look to his immediate grantor for redress.

*Verdict set aside.*