## MAULSBY v. CONZEVOY.

No. 11183.

Circuit Court of Appeals, Ninth Circuit.

April 18, 1947.

Rehearing Denied June 2, 1947.

166

STEPHENS, Circuit Justice, dissenting.

Fred H. Miller, of Los Angeles, Cal., for appellant.

Charles M. Fryer, Harold I. Johnson, and A. W. Boyken, all of San Francisco, Cal., and John Flam, of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant brought an action against appellee for infringement of claims 1-5 of patent No. 1,875,077.[1] Appellee filed an answer and two amended answers. His defenses were that the claims were invalid, and that, if valid, they were not infringed. The case was tried by the court without a jury. The court held the claims invalid and entered judgment dismissing the action. From that judgment this appeal is prosecuted.

The patent was applied for on October 21, 1930, and was issued on August 30, 1932. The specification states: "This invention relates to a method of and means for applying backing fabrics to silk linings, and it has reference particularly to a novel method of attaching backing fabrics,

such as fleeced cotton, to silk linings of that character used in the interior decoration of caskets and the like." Claims 1-5 read as follows:

"1. The method of attaching backing fabric to crinkled lining materials, consisting of applying an adhesive to a superficiary, then spreading the backing fabric upon the superficiary while the adhesive is tacky, then removing the backing from the superficiary and while it is drawn smooth applying the side thereof, made tacky by transfer of adhesive from the superficiary, to the lining material.

"2. The method of attaching backing fabric to crinkled linings, consisting of thinly spreading an adhesive over a smooth surface, then spreading the backing fabric upon said surface while the adhesive is tacky, then pulling it away from said surface to effect the transfer of adhesive to the backing, then while it is drawn smooth spreading the tacky side of the backing upon the lining and brushing them together to effect their attachment by reason of the adhesive transferred to the backing.

"3. The method of attaching fleeced fabric to linings, consisting of thinly spreading an adhesive upon a smooth surface, then spreading the backing fabric upon said surface with its fleeced side against the tacky adhesive, then pulling it from said surface to effect the transfer of the adhesive to the fleece, then applying the backing upon the lining to cause the fleeced side thereof to adhere to the lining by reason of the adhesive transferred thereto.

"4. The method of attaching fleeced fabric to crushed silk linings consisting of thinly applying an adhesive material to a glass plate, applying the fleeced side of the backing fabric to the glass plate while the adhesive is tacky, then pulling it from the plate, and spreading it upon the lining and brushing them together whereby they are caused to adhere by reason of the adhesive transferred to the fleece.

"5. The method of attaching fleeced fabric to silk linings consisting of thinly spreading an adhesive upon a glass plate, applying the fleeced side of the backing to

[1] The patent contains six claims, but claims 1-5 were the only ones relied upon in this action.

the plate, then pulling it off to draw the fleece out on end and effecting the transfer of adhesive to the fleece ends, then spreading the backing upon the lining to cause it to adhere thereto by reason of the transferred adhesive at the fleece ends."

■ Appellee alleged, in substance and effect, that the methods described in the claims were not new, and that therefore the claims were invalid for lack of novelty. The question thus presented was one of fact.[2]

■ Appellee alleged, in substance and effect, that the methods described in the claims did not involve invention, but were merely the product of ordinary skill, and that therefore the claims were invalid for lack of invention. The question thus presented was one of fact.[3]

■ On both questions—the question of novelty and the question of invention—the evidence was conflicting. Resolving the conflicts in favor of appellee, the court found that the methods were not new, that they did not involve invention, and that therefore the claims were invalid for lack of novelty and for lack of invention. These findings are supported by substantial evidence, are not clearly erroneous and should not be disturbed.[4]

■ The second amended answer contained a counterclaim for declaratory relief.[5] Appellant says that the trial court erred in permitting the counterclaim to be filed. In that court, however, no objection to such filing appears to have been made, nor does it appear that any valid objection could have been made.[6] No relief was granted on the counterclaim. Instead, the counterclaim was dismissed. Obviously, appellant was not prejudiced by its filing.

■ Appellant filed a reply to the counterclaim. The reply alleged on information and belief, that persons other than appellee had contributed to the defense of the action and were actively participating in such defense; alleged that the names of such other persons were unknown to appellant; and prayed that appellee be required to disclose their names and addresses. The court refused to require such disclosure. Appellant says that the refusal was error. We do not agree. The matters of which appellant sought disclosure were not material,[7] nor was appellant prejudiced by the refusal to require such disclosure.

Judgment affirmed.

STEPHENS, Circuit Judge.

I dissent from the decision that the patent claims are invalid for the want of novelty or that the result obtained by the use of the method described in them is attributable to ordinary mechanical skill.

While it is true that there is some conflict in the testimony, I think there is no substantial conflict as to the basis of the claims and the result obtained by the method described in them. I think there was genuine discovery or invention in that the method described placed a very minute particle of glue on the tips of fleece so that the finish material would adhere to the fleece backing without the glue show-

---

[2] Battin v. Taggert, 17 How. 74, 84, 15 L.Ed. 37; Reckendorfer v. Faber, 92 U. S. 347, 352, 23 L.Ed. 719; Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U.S. 301, 312, 29 S.Ct. 495, 53 L. Ed. 805; American Sales Book Co. v. Bullivant, 9 Cir., 117 F. 255, 258; Parker v. Stebler, 9 Cir., 177 F. 210, 212; Ralph N. Brodie Co. v. Hydraulic Press Mfg. Co., 9 Cir., 151 F.2d 91, 94.

[3] Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 446, 44 S.Ct. 533, 68 L.Ed. 1098; Stoody Co. v. Mills Alloys, 9 Cir., 67 F.2d 807, 812; Reinharts v. Caterpiller Tractor Co., 9 Cir., 85 F.2d 628, 630; Wire Tie Machinery Co. v. Pacific Box Corp., 9 Cir., 102 F. 2d 543, 552; Research Products Co. v.

Tretolite Co., 9 Cir., 106 F.2d 530, 534; Ralph N. Brodie Co. v. Hydraulic Press Mfg. Co., supra; Crowell v. Baker Oil Tools, 9 Cir., 153 F.2d 972, 978.

[4] Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Ralph N. Brodie Co. v. Hydraulic Press Mfg. Co., supra.

[5] Cf. Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88, 91; Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., 6 Cir., 126 F.2d 172; Trico Products Corp. v. Anderson Co., 7 Cir., 147 F.2d 721, 722.

[6] See cases cited in footnote 5.

[7] Minneapolis-Honeywell Regulator Co. v. Thermoco, 2 Cir., 116 F.2d 845, 846.

ing through and without causing the finish material to look harsh. The method practically superseded all others and was successful in every way. The proof of infringement was conclusive.

I make no comment upon the incidental issues treated in the majority opinion.