**Gary E. RHINE, Plaintiff–Appellant,**

v.

**CASIO, INCORPORATED and Casio Computer Co., Ltd., Defendants–Appellees.**

No. 98–1432.

United States Court of Appeals, Federal Circuit.

July 6, 1999.

Mark C. Schaffer, Emch, Schaffer, Schaub & Porcello Co., L.P.A., Toledo, Ohio, argued, for plaintiff-appellant. With him on the brief was James F. Porcello, Jr..

Barry D. Rein, Pennie & Edmonds, LLP, New York, New York, argued, for defendants-appellees. With him on the brief was Kenneth L. Stein.

Before MAYER, Chief Judge, SKELTON, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

MAYER, Chief Judge.

Gary E. Rhine appeals the judgment of the United States District Court for the Northern District of Ohio, Case No. 96CV7524, which granted Casio, Inc. and Casio Computer Co., Ltd. (collectively "Casio") summary judgment of noninfringement. Because the court improperly construed the claim, we reverse the judgment and remand the case.

## Background

Rhine owns U.S. Patent No. 4,910,652, which is directed to a wrist watch containing a flashlight having a time delay circuit. The time delay circuit turns the flashlight off after a set period of time. The only asserted claim, claim 1, recites: "A time keeping and displaying wrist mountable watch having a flashlight mounted in the case thereof, said flashlight comprising a power supply for supplying electrical power to said flashlight, said power supply electrically connected to at least one light source, and time delay means for automatically extinguishing said light source after a time delay following the energization of said light source by the electrical deenergization of said light source." Because Casio sells and/or manufactures a wrist watch whose face illuminates with sufficient brightness to light up an area beyond the watch face itself, Rhine sued it for infringement of claim 1.

Following an initial settlement conference, the court ordered Rhine to file a motion to construe the claim, purporting to follow the procedure suggested by *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). In the statement of claim interpretation submitted to the court, Rhine argued that claim 1 covers a wrist watch having (1) a light source capable of illuminating more than the watch face, and (2) a time-delayed extinguishment of the light source. Rhine also explained that Casio infringes the claim so construed. In response, Casio argued that the claim should be construed to cover only a wrist watch having two separate and distinct light sources—one that illuminates the watch face and one that illuminates an area beyond the face. Casio also moved for summary judgment of invalidity, arguing that if claim 1 covers a watch having a single light source, then it is invalid as obvious because the prior art discloses (1) a watch whose face illuminator is bright enough to illuminate more than the watch face, and (2) a time delay circuit for face illuminators.

"Because of th[e] limiting prior art," the court construed claim 1 "as covering a flashlight that is distinct from the light source that illuminates the face of the watch, in combination with a time delay device that automatically extinguishes the flashlight." This limiting prior art includes a Japanese reference, which discloses "a wristwatch having an illumination lamp for lighting a time display unit and for providing illumination outside of the casing." In addition, the Patent and Trademark Office noted during prosecution that "both mounting search lights and flashlights on a user's wrist and enabling users to check the time by means of watch dial illumination were known in the prior art, although not in combination." The court reasoned that, because the Japanese reference discloses a single illumination source capable of illuminating both the watch face and an area surrounding the watch face, the flashlight limitation of claim 1 could not be construed to cover this type of single light source.

The court denied Casio's motion for summary judgment of invalidity, however, because there are genuine issues of material fact about whether the claim, as construed, is obvious over the prior art. Casio then filed a motion for summary judgment of noninfringement, arguing that its light source was not distinct from the one illuminating the watch face. Based on its claim construction and the undisputed evidence about the accused product's design and operation, the court granted Casio summary judgment of noninfringement. This appeal followed.

## Discussion

We review a district court's decision to grant summary judgment *de novo. See Gasser Chair Co. v. Infanti Chair Mfg.*

*Corp.,* 60 F.3d 770, 773, 34 U.S.P.Q.2d 1822, 1824 (Fed.Cir.1995). "Where the parties do not dispute any relevant facts regarding the accused product, ... but disagree over possible claim interpretations, the question of literal infringement collapses into [one of] claim construction and is amenable to summary judgment." *General Mills, Inc. v. Hunt–Wesson, Inc.,* 103 F.3d 978, 983, 41 U.S.P.Q.2d 1440, 1444 (Fed.Cir.1997); *see also Athletic Alternatives, Inc. v. Prince Mfg., Inc.,* 73 F.3d 1573, 1578, 37 U.S.P.Q.2d 1365, 1370 (Fed.Cir.1996) The *de novo* standard applies to our review of claim construction. *See Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1455–56, 46 U.S.P.Q.2d 1169, 1173–74 (Fed.Cir.1998) (en banc).

In construing claim 1, the district court ostensibly applied the familiar axiom that "[c]laims should be so construed, if possible, as to sustain their validity." *Carman Indus., Inc. v. Wahl,* 724 F.2d 932, 937 n. 5, 220 U.S.P.Q. 481, 485 n.5 (Fed.Cir.1983); *see also ACS Hosp. Sys., Inc. v. Montefiore Hosp.,* 732 F.2d 1572, 1577, 221 U.S.P.Q. 929, 932 (Fed.Cir.1984). This axiom traces its origins to two Supreme Court cases, *Turrill v. Michigan Southern & Northern Indiana Railroad,* 68 U.S.(1 Wall.) 491, 17 L.Ed. 668 (1863), and *Klein v. Russell,* 86 U.S.(19 Wall.) 433, 22 L.Ed. 116 (1873). *Turrill* explains that patents "are to receive a liberal construction, and under the fair application of the rule, *ut res magis valeat quam pereat,* are, *if practicable,* to be so interpreted as to uphold and not to destroy the right of the inventor." 68 U.S. at 510 (emphasis added). *Klein* further refines this rule, explaining that courts "should proceed in a liberal spirit, so as to sustain the patent and the construction claimed by the patentee himself, *if this can be done consistently with the language which he has employed.*" 86 U.S. at 466 (emphasis added). The Court has consistently limited the axiom to cases where the construction is "practicable" and does not conflict with the explicit language of the claim.

We, too, have consistently employed the caveat, "if possible," to our instruction that claims should be construed to sustain their validity. *See, e.g., Whittaker Corp. v. UNR Indus., Inc.,* 911 F.2d 709, 712, 15 U.S.P.Q.2d 1742, 1744 (Fed. Cir.1990) ("[C]laims are generally construed so as to sustain their validity, if possible."). We have also admonished against judicial rewriting of claims to preserve validity. *See Becton Dickinson & Co. v. C.R. Bard, Inc.,* 922 F.2d 792, 799 & n. 6, 17 U.S.P.Q.2d 1097, 1102 & n.6 (Fed. Cir.1990). Therefore, if the only claim construction that is consistent with the claim's language and the written description renders the claim invalid, then the axiom does not apply and the claim is simply invalid.

In the case before us, the court misapplied the axiom and adopted a construction of "flashlight" that is at odds with the clear language of the claim and the written description. In holding that the recited "flashlight ... is distinct from the light source that illuminates the face of the watch," the court construed the claim to require at least *two* light sources—one that illuminates an area beyond the watch face and one that illuminates only the watch face (a face illuminator). However, claim 1 recites a flashlight comprising "at least *one* light source." (Emphasis added). Use of the phrase "at least one" means that there could be only one or more than one. *See Kistler Instrumente AG. v. United States,* 628 F.2d 1303, 1318, 211 U.S.P.Q. 920 (Ct.Cl.1980) ("Anyone with even the most rudimentary understanding of the English language understands 'at least one piezo-electric crystal means lodged within said component means,' to mean one or more crystals."). Therefore, the court's construction is contrary to the plain language of the claim.

To give meaning to the phrase "at least one light source," we must construe claim 1 to cover a device that has only one light source or a device that has more than one light source, assuming that the "device" is a "flashlight," as that term is used in the claim. According to the written description, the flashlight 8 is a light that is bright enough "to illuminate a small room or to otherwise serve satisfactorily as a flashlight." Col. 2, ll. 46–53. The face illuminator 9, in contrast, is a light that "enable[s] reading the time without turning on [the flashlight] 8 if desired." Col. 2, ll. 58–62. According to the written description, the flashlight 8 and the face illuminator 9 are different elements. However, the written description further explains that light from the flashlight 8 can be used to illuminate the watch face 4 in the absence of a distinct face illuminator. *See* col. 2, ll. 49–54 ("[T]he brightness of lamps 8 and the disposition of lamps 8 about case 3 should be arranged to illuminate timepiece face 4 so that the watch hands can be seen in the absence of otherwise provided light and so that the time indicative numbers and dots are also then visible."). Therefore, properly construed, the flashlight limitation is met by a wrist watch whose only light source illuminates both the watch face and a significant area beyond the watch face. This definition is consistent with the term's ordinary meaning. *See* American Heritage Dictionary 511 (2d College ed.1982) (defining "flashlight" as a "small, portable lamp usually powered by batteries").

■ Casio argues that the claim cannot cover a watch without a separate face illuminator because the preferred embodiment includes one. However, "particular embodiments appearing in a specification will not be read into the claims when the claim language is broader than such embodiments." *Electro Med. Sys. S.A. v. Cooper Life Sciences*, 34 F.3d 1048, 1054, 32 U.S.P.Q.2d 1017, 1021 (Fed.Cir.1994).

Because claim 1 does not recite a face illuminator, it is broader than the embodiment referenced by Casio. Moreover, because the written description does not require that the watch include a face illuminator, this "limitation should not be read from the specification into the claim[ ]." *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 987, 6 U.S.P.Q.2d 1601, 1605 (Fed.Cir.1988).

■ Casio also argues that, under our construction, claim 1 is invalid because the recited combination is obvious. This argument is premature. Casio cannot avoid a full-blown validity analysis by raising the specter of invalidity during the claim construction phase. Although the court appeared to believe that several pieces of prior art, when viewed in combination, disclose all the limitations of claim 1, it did not conduct a validity analysis. *See Graham v. John Deere Co.*, 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). Specifically, it did not identify any motivation to combine the references, *see In re Fine*, 837 F.2d 1071, 1074, 5 U.S.P.Q.2d 1596, 1598–99 (Fed.Cir.1988), or consider objective evidence of nonobviousness, *see Custom Accessories, Inc. v. Jeffrey–Allan Indus., Inc.*, 807 F.2d 955, 960, 1 U.S.P.Q.2d 1196, 1199 (Fed.Cir.1986). Moreover, Rhine alleges that he was denied the opportunity to conduct discovery on the secondary considerations. Therefore, we remand the case so that discovery can proceed, if necessary, and the court may fully evaluate the strength of the invalidity case.

### Conclusion

Accordingly, the judgment of United States District Court for the Northern District of Ohio is reversed and the case is remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED*