GREENWALT *v.* DUNCAN and others.*

*(Circuit Court, E. D. Missouri. March 22, 1883.)*

1. EQUITY—JURISDICTION IN SUITS TO REMOVE CLOUDS UPON TITLES.

A suit to remove a cloud upon a title cannot be maintained in a court of equity, where the plaintiff has a full, complete, and adequate remedy at law.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

2. SAME—CROSS-BILL—RIGHTS OF DEFENDANT.

    The defendant in a suit to remove a cloud from a title to property in the plaintiff's possession, has a right to file a cross-bill urging a superior title in himself, and to be fully heard; and if his title is found to be better than the plaintiff's, he is entitled to a decree in his favor, settling the whole controversy.

3. SAME.

    Where a cross-bill is filed it should contain adequate averments to show title in the defendant.

4. SAME—HOW DEFECTS SHOULD BE TAKEN ADVANTAGE OF.

    Where the cross-bill does not contain the proper averments, the defect should be taken advantage of by demurrer.

In Equity. Pleas and demurrer to a cross-bill.*

This is a suit to quiet the title to certain real estate situated in the city of St. Louis, by removing a cloud therefrom, caused, as alleged, by the execution to the defendants' grantor, of a certain tax deed.

*E. Cunningham, Jr.,* for complainant.

*E. R. Mark,* for defendants.

TREAT, J. The unquestioned rule obtains in all cases in equity to remove a cloud upon a title that it must be clear that plaintiff has not a full, complete, and adequate remedy at law; otherwise he will be remitted to his common-law remedy. This, under the constitution of the United States, the acts of congress, and repeated decisions of the United States supreme court, is an inflexible rule. Mere questions as to conflicts of supposed legal titles can ordinarily be decided in actions of ejectment.

Plaintiff's right in this case to sue in equity rests solely on the fact that, being in possession, they cannot sue the adverse parties at law. They set out in their bill with great fullness the pretended title of the defendants, as well as their own derivative title. The defendants file a cross-bill designed to be defensive in part, but to a large extent affirmative. The purpose of the pleader is to urge the superiority of defendants' title and to have a decree settling the whole controversy. To the cross-bill two pleas have been interposed and argued.

The *first* is that, inasmuch as the cross-bill does not aver possession in the defendants, their remedy as for affirmative relief is at law; that is, if persons are not in possession of real estate to which they have paramount title, they should be driven to their action of ejectment. That plea rests upon a misapplication of the general rule stated. The plaintiffs are in court for the sole reason that they are in possession, and therefore have brought in the defendants, who are out of possession, to answer to the demand made. The defendants,

---

*For opinion on demurrer to original bill see 10 FED. REP. 800.

being thus in court at plaintiffs' instance, have a right, by answer or cross-bill, to be fully heard, and not to be denied a full hearing because the sole basis, jurisdictionally, of plaintiffs' bill is true. The defendants are here because they are out of possession, and to say that, therefore, they shall not be heard would be a strange perversion of the rule, and entirely subversive of the only ground on which plaintiffs proceed in equity. The first plea is overruled.

The *second* plea looks to the averments of the cross-bill concerning the title set up affirmatively by the defendants. The controversy, as fully disclosed by the plaintiffs in their original bill, pertains to an alleged tax title. All the requirements of the statutes are set out, and the particulars wherein it is alleged said statutes were not observed, by reason of which defendants' title is invalid. The cross-bill avoids meeting said allegations, and avers in the most general terms that defendants have a collector's deed. It is not disclosed under what direct authority or preliminary proceedings or judgment said collector acted. In other words, there are in the cross-bill no adequate averments to show title in the defendants. This defect should have been taken advantage of by demurrer. The court overrules the plea, but, treating it as a demurrer, gives the defendants leave to amend.

It should be remarked that the form of both pleas is objectionable in referring the court by lines and pages of the cross-bill to what is stricken out, instead of stating the subject-matter. The court should not be driven to the task of hunting out by folios, lines, and pages, in voluminous pleadings, the various facts intended to be assailed, and thus determine as *ex mero motu* what the objection may possibly suppose exceptionable, or what it can detect so to be. The points already presented as to the second plea cover the demurrer, which is sustained.