**MEINECKE et al. v. EAGLE DRUGGISTS SUPPLY CO., Inc.**

District Court, S. D. New York.
March 23, 1937.

524

Hauff & Warland, of New York City (William E. Warland, of New York City, of counsel), for plaintiffs.

Charles Martin, of New York City, for defendant.

PATTERSON, District Judge.

The motion is by the plaintiff to dismiss counterclaim as insufficient in law. The bill is a conventional one for infringement of patent. It alleges that plaintiff Meinecke is owner and plaintiff Davol Rubber Company exclusive licensee of patent 1,583,019, and that defendant is making and selling an infringing article. The defendant's answer is also conventional in that it denies infringement and sets up invalidity of the patent sued on. The defendant then proceeds to set forth, by way of counterclaim, that the plaintiff Davol Rubber Company marks its product with three patent numbers, including the one sued on that it has stated to the defendant's customers and to the trade generally that the defendant's article infringes patents of the plaintiff without specifying any particular patent, that all three patents are void on various grounds, and that accordingly there is an actual controversy between the parties. The prayer for relief is that the court issue declaratory judgment that the three patents are void or that the defendant does not infringe them.

The case then is one where the plaintiff sues for infringement of one patent, and the defendant, after denying infringement and asserting invalidity of that patent, asks in a counterclaim that declaratory judgment be given adjudging invalid the patent sued on and two other patents held by the plaintiff. The question is whether the counterclaim may be entertained.

Counterclaims in equity are governed by rule 30 of the Equity Rules (28 U.S.C. A. following section 723). The rule recognizes two kinds of counterclaims, those setting forth matters arising out of the same transaction which is the subject-matter of the suit, and those setting forth matters which might be the subject of an independent suit in equity in the federal courts

against the plaintiff. As to both kinds, the matters set forth must, of course, point to the conclusion that the defendant is entitled to affirmative relief of some sort against the plaintiff; otherwise the counterclaim is defective on its face; just as an independent bill setting up the same matters would be. So an objection to a counterclaim may be based on the point that it is not of the kind that may be entertained under the Equity Rules, or on the point that the content of the counterclaim does not show a case for affirmative relief.

If we take up, first, the sufficiency of the counterclaim as presenting a case for affirmative relief, it is evident that there is a defect in substance so far as the two patents not sued on by the plaintiff are concerned. Only by inference is it alleged that the plaintiff has ever claimed that the defendant is infringing these patents. As to them, the controversy may be wholly imaginary; at best it is tenuous. Declaratory judgment may be issued only in cases of actual controversy, otherwise the courts will find themselves passing on questions that are moot or academic. The plaintiff is accordingly entitled to an order dismissing the counterclaim in so far as judgment declaring invalidity of the two patents not involved in the plaintiff's bill is asked for. But the situation is different as to the patent on which the plaintiff has brought suit. The reality of the controversy over that patent, both as to its scope and as to its validity, is evident from the plaintiff's own bill. The counterclaim, while awkwardly constructed, does set forth a sufficient case for declaratory judgment on the patent that is the subject-matter of the suit.

I am of opinion that the counterclaim for declaratory judgment on the patent on which the suit for infringement is based is within the bounds of the Equity Rules. The matters set forth in it present the same transaction as the matters raised by the bill. It is therefore an appropriate counterclaim, whether or not an independent suit in equity on the same facts could be maintained in this court. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S. Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370.

The point principally urged by the plaintiff is that a counterclaim must assert matters not otherwise available as a defense under denials and affirmative defenses; otherwise, it is said, the counterclaim is superfluous. Hann v. Venetian Blind Corporation, 15 F.Supp. 372 (D.C. Cal.), is an authority virtually to that effect and the case is one similar to this. But the test of a counterclaim is not whether facts beyond those set up in the defensive part of the answer are pleaded; it is whether the facts pleaded show need of affirmative relief in favor of the defendant. Take the case of an action on a bond, where the answer asserts invalidity of the bond for fraud as a defense and then pleads the same facts again by way of counterclaim for cancellation of the bond. Although the counterclaim covers the same ground as the defense, its soundness is unquestionable. Nor can it be said that a counterclaim for declaratory judgment in a suit for infringement of patent serves no useful purpose. Without the counterclaim the plaintiff might withdraw the suit and leave the rights of the parties in uncertainty. If the defendant by filing a counterclaim for declaratory judgment can prevent such voluntary withdrawal and fasten the plaintiff down to having the respective rights of the parties determined once and for all, the result is a wholesome one.

I am accordingly of opinion that in a suit for patent infringement the defendant may counterclaim for a judgment declaring the patent void or not infringed. This is in line with the opinion of Judge Nields in Link-Belt Co. v. Dorr Co., 15 F.Supp. 663 (D.C.Del.).

The counterclaim is good to the extent that declaratory judgment of invalidity of the patent sued on by the plaintiff is prayed for. It is defective as to the other two patents mentioned in it. Since matters relative to all three patents are pleaded inextricably, the order to be entered on this motion will provide that the counterclaim be stricken, with leave to the defendant to put in an amended answer with a counterclaim praying for declaratory judgment as to the patent on which the suit is based.