DEWEY & ALMY CHEMICAL CO. v. JOHNSON, DRAKE & PIPER, Inc.

SAME v. ANDREW WESTON CO., Inc.

Nos. 8600, 8601.

District Court, E. D. New York.

Jan. 23, 1939.

John W. Hoag, of New York City, (Dike, Calver A. Gray, George P. Dike, and Cedric W. Porter, all of Boston, Mass., of counsel), for plaintiff.

Harry Price, of New York City, for defendants.

CAMPBELL, District Judge.

These are suits for the alleged infringement of the same patents and the issues are substantially the same, except as to the particular acts of infringement.

These suits come before the Court on twelve motions, being six motions in each case, which are exactly similar to the six motions in the other case.

1. Motions made by the defendants for orders consolidating one case with the other for trial.

2. Motions made by the defendants for orders permitting the defendants, as third party plaintiff to serve summonses and third party complaints.

3. Motions made by the plaintiff to dismiss the action alleged in paragraphs 2 to 13 inclusive of defendants third party complaint.

4. Motions made by plaintiff to dismiss any cause of action that may be set forth in paragraph 18 of the defendant's Third Party Complaint.

5. Motions made by plaintiff, to strike out from the Third Party Complaint wherever it may appear all reference to the Third Party Defendants.

6. Motions made by plaintiff for a bill of particulars.

The convenience of the parties and the Court will be served by a consolidation of the two cases for trial, and no good cause is shown to the contrary.

The motions for leave as third party plaintiff to serve summons and third party complaints, and the motions to dismiss defendants third party complaint will be considered together.

Plaintiff contends that the third party complaint should be dismissed on the ground that the Court has no jurisdiction until personal service be made, and cites Rule 13 (h) of the Rules of Civil Procedure, 28 U. S.C.A. following section 723c.

That rule however does not sustain their contention as it provides in part: "the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

The counterclaim being for alleged violations of the Clayton Act, 38 Stat. 730, committed in this district, jurisdiction can be obtained over the proposed third party defendants by service upon them in the districts in which they have principal offices or places of business, or in the States in which they are incorporated. Eastman Kodak Company of New York v. Southern Photo Materials Company, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684.

The third party complaint as a counterclaim against plaintiff alone would undoubtedly be proper, as it sets up a counterclaim or cross bill against plaintiff for unfair competitive activities arising out of the transactions of the complaint, and that is a proper counterclaim even in the absence of diversity of citizenship. Kaumagraph Co. v. General Trade Mark Corporation, D.C., 12 F.Supp. 230.

It is also proper to counterclaim for declaratory judgment to have a patent held invalid and non-infringed where the complaint alleges infringement of a patent. Meinecke et al. v. Eagle Druggists Supply Co., Inc., D.C., 19 F.Supp. 523, 525.

The plaintiff by coming voluntarily into the District Court of this District subjects itself to the Jurisdiction of this Court in respect to all possible grounds of counterclaim. Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 451, 52 S.Ct. 238, 76 L.Ed. 389. See, also, General Electric Co. et al. v. Marvel Rare Metals Co., 287 U. S. 430, 53 S.Ct. 202, 77 L.Ed. 408.

As to the third party complaint against plaintiff and the third party defendants, it is fairly to be inferred from the answering affidavits of John A. Lunn, and W. S. Rea, offered by plaintiff, in support of its motion, that the plaintiff Dewey & Almy Chemical Company is being utilized as a nominal legal title holder of the patent in suit, by the third-party defendants, who it is alleged in the third party complaint have with the plaintiff, set up, or been attempting to set up a monopoly in an unpatented commodity-carbon black-under the guise of alleged patent protection, including the patents in suit.

The proposed third party complaint also alleges that the plaintiff and third party defendants have conspired unlawfully among themselves to substantially lessen competition and establish a monopoly in the sale of unpatented carbon black for coloring concrete.

From all of which it appears that the third party complaint is not only proper as against plaintiff, but also against the third party defendants who are doing business in this District.

The plaintiff has the right to bring an action of the type set up in the third party complaint, and the right to bring such action is not limited to the United States. Thomsen et al., composing the Firm of Thomsen & Co., v. Cayser et al., composing the Firm of Cayser, Irvine & Co. et al., 243 U.S. 66, 37 S.Ct. 353, 61 L. Ed. 597, Ann.Cas.1917D, 322; Duplex Printing Press Company v. Deering et al., individually and as Business Agents of District No. 15 of the International Association of Machinists et al., 254 U.S. 443, 41 S.Ct. 172, 65 L.Ed. 349; 16 A.L.R. 196; Moore v. New York Cotton Exchange et al., 2 Cir., 296 F. 61, 67, affirmed 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370.

If the plaintiff desires a separate trial of the alleged cause of action set forth in paragraphs 2 and 13 of the Third Party Complaint it should move for such action after it has answered and not at this time.

The allegations of paragraph 18 of the Third Party Complaint are insufficient to allege any cause of action against the plaintiff or the Third Party Defendants, either jointly or severally, with regard to such Scripture patents.

The defendant is properly moving pursuant to Rule 13 (a), (b) and (h) and 14 (a).

The motions of the plaintiff for bills of particulars appear to be proper.

The defendant's motions 1 for consolidation are granted.

The defendant's motions 2 for permission to serve summonses and third party complaint excepting paragraph 18 are granted.

The plaintiff's motions 3 to dismiss the action alleged in paragraphs 2 to 13 inclusive of the defendant's Third Party Complaint are denied.

And, the Motions for separate trials are denied without prejudice.

The plaintiff's motions 4 to dismiss any cause of action that may be set forth in paragraph 18 of the defendant's Thirty Party Complaint are granted.

The plaintiff's motions 5 to strike out from the Third Party Complaint wherever it may appear all reference to the Third Party Defendant are denied.

The plaintiff's motions 6 for Bills of Particulars are granted.

Settle orders on notice.