**GREGORY et al. v. ROYAL TYPEWRITER CO., Inc., et al.**

District Court, S. D. New York.
April 20, 1939.

Pennie, Davis, Marvin & Edmonds, of New York City, for plaintiffs.

Bartlett, Eyre, Scott & Keel, of New York City, for defendants.

HULBERT, District Judge.

This action is one for patent infringement and the plaintiffs move to strike out a counterclaim, which alleges: (1) that the patent in suit has not been infringed, and (2) is invalid.

This, plaintiffs urge, is nothing more than a reiteration of the issues framed by the complaint and the denials and affirmative defenses contained in the answer.

■ The useful purpose of a counterclaim for a declaratory judgment was aptly point-ed out in Meinecke v. Eagle Druggists Supply Co., D.C., 19 F.Supp. 523, 525, wherein Judge Patterson (since elevated to the Circuit Court of Appeals of this Circuit) said: "the plaintiff might withdraw the suit and leave the rights of the parties in uncertainty."

In the case of Stanley Works and another v. The C. S. Mersick Co.,[1] it was held that in view of Rule 41 (a) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, whereby plaintiff's right to withdraw terminates upon the filing of an answer, a counterclaim which but serves to restate the controversy, should be stricken. To the contra: Dewey & Almy Chemical Co. v. Johnson, Drake & Piper Co., D.C., 25 F.Supp. 1021.

■ Considering these conflicting opinions of Judge Campbell and Judge Hincks, I accept the logical contention urged by defendant's counsel that Rule 41 (a) does not prevent a dismissal solely on the ground of non-infringement, thus leaving the issue as to validity unsettled, in the absence of a counterclaim.

Motion denied. Submit order.

---

[1] No opinion for publication.