### DOMINION ELECTRICAL MFG. CO. v. EDWIN L. WIEGAND CO.

### No. 8796.

Circuit Court of Appeals, Sixth Circuit.

March 2, 1942.

---

Bruce B. Krost, of Cleveland, Ohio (Woodling & Krost, of Cleveland, Ohio, on the brief), for appellant.

Hadley F. Freeman, of Cleveland, Ohio (Freeman, Sweet & Albrecht, of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

In a suit by the appellee against the appellant for infringement of a registered trademark, the appellant answered and counterclaimed for a judgment, under the Declaratory Judgment Act, 28 U.S.C.A. § 400, that the trademark be held invalid or restricted, and not infringed; that an unfair and improper use had been made of it, injuring its business; and prayed that a determination be had which should adjudicate all of the rights and relations of the parties to the actual controversy. The court, without opinion, findings, or conclusions of law, dismissed the counterclaim, and this appeal followed.

The appellant contends that the Federal Declaratory Judgment Act affords an equal opportunity to both parties to a controversy to obtain a judicial declaration upon all points therein involved, and in any event grants a remedy which may not be refused in the exercise of mere arbitrary discretion by the trial court. The appellee's position is that the counterclaim presents nothing of substance not already submitted and in issue by the complaint and answer; that the counterclaim is entirely repetitious, and so redundant, and was rightly dismissed.

No question as to the existence of an actual present controversy here arises. The appellee has asserted its title to, and the validity of its registered trademark, together with rights under common law rules, and charges their infringement. The appellant, as defendant, denies infringement, assails the plaintiff's title, and challenges the asserted scope of the trademark if valid. That the relief sought by the defendant could have been made the basis of a separate suit in equity, is not to be doubted, Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105. As noted in our decision in Employers' Liability Assur. Corp., Ltd., v. Ryan, 109 F.2d 690, the presently prevailing view is that the Declaratory Judgment Act furnishes an additional remedy which is not to be denied because of the pendency of another suit, a view now crystallized in Rule 57 of the Rules of Civil Procedure, 28 U.S.C.A., following section 723c, which provides: "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

Under former Rule 30 of the Equity Rules, 28 U.S.C.A. § 723, Appendix, a counterclaim for declaratory judgment wherein the matter set forth represented the same transaction as that raised by the bill, was an appropriate counterclaim. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370. But it is urged that a counterclaim must now assert matter not otherwise available as a defense under denials and affirmative defenses, and that otherwise it is superfluous. There is authority for that view in Hann v. Venetian Blind Corp., D.C.Cal., 15 F.Supp. 372; Scruggs v. Casco Corp., D.C.Conn., 32 F.Supp. 625. On the other hand, it has been thought that a counterclaim for a declaratory judgment in a suit for infringement of a patent, serves a useful purpose. Without the counterclaim the plaintiff might withdraw the suit and leave the rights of the parties in uncertainty. If the defendant, by filing a counterclaim for declaratory judgment, can prevent such voluntary withdrawal and keep the plaintiff in court until the respective rights of the parties are determined once and for all, the result was thought to be a wholesome one. Link-Belt Co. v. Dorr Co., D.C.Del., 15 F. Supp. 663; Meinecke v. Eagle Druggists Supply Co., D.C.N.Y., 19 F.Supp. 523; Asplin v. Scanlan, D.C.Ohio, 37 U.S.P.Q. 261.

In the single case in which the present problem was considered by a Circuit Court of Appeals, Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88, 91, it was held by a divided court that where the facts pleaded by the defendant would have constituted a cause of action for relief by declaratory judgment in a patent suit, if the defendant had anticipated the patentee in commencing the suit, the counterclaim was permissible. At least it should not have been stricken out summarily in advance of the trial. "While it may turn out at trial that a decision on the merits of the plaintiff's bill will dispose of the controversy between the parties completely and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed, we are of opinion that it was error to strike out the counterclaim at so early a stage." The principal ground for sustaining the counterclaim was that the patentee might withdraw his suit and continue broadcasting assertions of infringement. But Leach v. Ross Heater & Mfg. Co., supra, was tried before the effective date of the Rules of Civil Procedure, and it is now urged that Rule 41 (a) (2) sufficiently protects the defendant from such eventuality and insures the determination of the controversy.

Rule 41(a) (2) provides: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

While Rule 41 affords some measure of protection to defendants, yet it is limited to a dismissal upon such terms and conditions as the court deems proper. What terms and conditions will be imposed in the usual case of patent or trademark infringement, is yet too early to say in view of the limited experience of courts in the application of the rule. Certainly, the court will be better able to appraise the need of the defendant for affirmative relief after a consideration of both the bill and the counterclaim upon the merits, than in a preliminary hearing upon a motion to dismiss. This was Judge Clark's view when concurring in the reversal of the Leach case—a reversal, he thought, equally required whether under the old equity practice or in consideration of Rule 41. Our experience with patent infringement cases would lead to a conclusion that mere dismissal of a plaintiff's bill does not always adjudicate every aspect of the controversy or give the defendant all the relief to which he may be entitled. To illustrate: It frequently happens that the court, in a patent or trademark infringement suit, finding the defendant innocent of infringement, deems it unnecessary to determine issues of title, validity, or the scope of the patent claims. One defendant exonerated of infringement may be content with such adjudication—another may not. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263, illustrates the point that mere exoneration from infringement does not always meet the necessities of a wrongfully accused defendant. His activities are still circumscribed by the monopoly based upon the patent

grant. Convinced that the patent (or the trademark) is invalid, he is still hampered and embarrassed by the necessity of avoiding trespass. One structure or representation may escape the charge of infringement. Improvements made to meet competition, may not. He wishes to be freed from the restrictions of an invalid patent or trademark, and he represents not only himself, but, in a sense, also the public which is likewise excluded from the field of monopoly. The Declaratory Judgment Act furnishes him with the means of escape. We see no reason why it should not be available to him as a counterclaim when circumstances would have permitted a separate suit. Avoidance of multiplicity of actions is also a desideratum.

It has frequently been said that the granting of relief under the Declaratory Judgment Act is within the sound discretion of the court. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Carpenter v. Edmonson, 5 Cir., 92 F.2d 895; United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613. Even so, this discretion is a judicial discretion and must find its basis in good reason. E. W. Bliss v. Cold Metal Process Co., supra. It is impossible to determine, except by inference, the ground upon which the present counterclaim for declaratory judgment was dismissed. It has sometimes been thought that the pendency of a suit in another court involving the same issues and between the same parties, is sufficient reason for dismissing the bill. Western Supplies Co. v. Freeman, 6 Cir., 109 F.2d 693. Doubt is cast upon this conclusion by the decision in Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. There the question decided was whether there was an actual controversy between an insurer and the plaintiff in an action against the insured in a state court. Ohio law permitting supplemental process against the insurer, if the plaintiff obtains a final judgment against the insured, this fact was thought to be sufficient to indicate an actual controversy between the insurer and the insured. Our judgment sustaining the dismissal of the insurer's suit for a declaratory judgment, was reversed. Nothing was said about lack of discretion in the District Judge to refuse to entertain the bill, but if he had such discretion, the only reason for its exercise was the pendency of a suit in an Ohio court wherein a judgment might have been enforced by supplemental process against the petitioner in the Federal Court. If this constituted adequate ground for dismissal of the petition for declaratory judgment, our decision might still have been sustained even though based upon the wrong reason.

We are told by the former Chief Justice in Aetna Life Ins. Co. v. Haworth, supra, that the operation of the Declaratory Judgment Act is procedural only; that in exercising control of practice and procedure, Congress is not confined to traditional forms or traditional remedies; and that in dealing with methods within its sphere of remedial action the Congress may create and improve. It is inevitable that the judicial mind will yield slowly to innovations in traditional forms, yet yield, it must, if the judicial process is to successfully perform its function in a complex economic organism. We see no reason why the appellant may not avail himself of this novel procedural device for securing, at all events, a complete and final determination of all aspects of the controversy here involved.

The judgment of dismissal is reversed.