**BENZ et al. v. J. LASKIN & SONS CORPORATION.**

Civ. A. No. 367.

District Court, E. D. Wisconsin.
March 12, 1942.

Ralph W. Brown, of Milwaukee, Wis. (Paul, Paul & Moore, of Minneapolis, Minn., of counsel), for plaintiffs.

Miller, Mack & Fairchild, of Milwaukee, Wis. (Leon F. Foley, of Milwaukee, Wis., and Thiess, Olson & Mecklenburger, of Chicago, Ill., of counsel), for defendant.

DUFFY, District Judge.

The complaint herein alleges infringement of U. S. Letters Patent No. 2,211,645 issued to plaintiff Calva for an invention for process of treating animal pelts. The answer, filed December 16, 1940, sets forth the defenses of invalidity and non-infringement.

There are two motions now before the court. The first is by the defendant for leave to amend its answer in three particulars: (1) to plead an additional prior art patent issued since the original answer was filed, and two additional prior publications; (2) to plead a counterclaim for a declaratory judgment, adjudicating the patent in suit to be invalid and not infringed by the defendant, one of the admitted purposes of this counterclaim being to prevent a voluntary dismissal of the suit at plaintiffs' instance; and (3) to plead a counterclaim for

a declaratory judgment, adjudicating two additional patents owned by plaintiffs to be invalid and not infringed by defendant. These patents were issued March 4 and April 29, 1941, respectively—after the answer herein had been filed.

About three weeks after defendant's motion to amend had been filed, plaintiffs moved to dismiss, without prejudice. The basis for such motion is that the alleged infringement relates to a process for dressing shearlings (clipped skins of sheep) ; that by order of December 12, 1941, the U. S. Office of Production Management has taken control of the entire shearling supply in the United States and that the defendant cannot make sales of shearlings except to or for the use of the United States; and also that an investigation convinces plaintiffs that defendant does not infringe said patent. Plaintiffs offer to waive all claims and demands against defendant for infringement up to and including December 12, 1941.

As the motion to amend the answer was filed some weeks prior to the filing of plaintiffs' motion, it will be considered first.

▇ The first proposed amendment, to plead an additional prior art patent and prior publications, is proper. If timely made, such amendments are allowed almost as a matter of course.

As to the propriety of the second proposed amendment, to plead a counterclaim for a declaratory judgment, there is a conflict of authority. Defendant is an inhabitant of the Eastern District of Wisconsin. Considerable expense has been incurred by the defendant in preparation for trial. Defendant pointed out that the plaintiffs had done nothing to bring the case on for trial for a period of more than a year, and that it became apprehensive the plaintiffs might seek a voluntary dismissal.

The question presented by proposed amendment 2 is this: Is a counterclaim by defendant in a patent infringement suit proper which merely prays for a declaratory judgment as to the validity or non-validity and as to the infringement or non-infringement of the patent in suit, when the avowed purpose of the counterclaim is to prevent a voluntary dismissal by the plaintiffs?

Defendant contends that an actual controversy exists; that the question of the validity of the patent in suit might not be decided by the court in the event of a finding of non-infringement; that it would be damaged by a voluntary dismissal, in addition to the large expense already incurred in preparing for trial, in that the uncertainty created by the litigation, plus the contingent liability to account for profits and damages, affect defendant's credit standing. Defendant also argues that there would be possible loss of witnesses by whom defendant hopes to establish its defenses.

Decisions from the Circuit Court of Appeals of the Second Circuit and the District Courts of the Southern District and the Eastern District of New York, Delaware, Maryland, and the Eastern District of Pennsylvania support the defendant's contention. The District Courts of Connecticut, Southern District of California, Southern District of Ohio, Western District of Pennsylvania, and Massachusetts seem to hold to the contrary. The cases supporting defendant's contention are: Leach v. Ross Heater & Mfg. Co., Inc., 2 Cir., 104 F.2d 88; Link-Belt Co. v. Dorr Co., Inc., D.C. Del., 15 F.Supp. 663; Meinecke et al. v. Eagle Druggists Supply Co., Inc., D.C.S.D.N. Y., 19 F.Supp. 523; Dewey & Almy Chemical Co. v. Johnson, Drake & Piper, Inc., D.C. E.D.N.Y., 25 F.Supp. 1021; Gregory et al. v. Royal Typewriter Co., Inc., et al., D.C.S.D. N.Y., 27 F.Supp. 808; Knaust Bros., Inc., v. Goldschlag et al., D.C.S.D.N.Y., 28 F.Supp. 188; Pennsylvania Research Corp. v. Lescarboura Spawn Co., D.C.E.D.Pa., 29 F. Supp. 340; Kohloff et al. v. Ford Motor Co., D.C.S.D.N.Y., 29 F.Supp. 843; Slayter & Co. v. Stebbins-Anderson Co., Inc., D.C.Md., 31 F.Supp. 96. The cases to the contrary are: Hann v. Venetian Blind Corp. et al., D.C.S.D.Cal., 15 F.Supp. 372; Weisbaum v. Weller-Stolz Co. et al., D.C.S.D.Ohio, 25 F. Supp. 550; Stanley Works et al. v. C. S. Mersick & Co., D.C.Conn., 1 F.R.D. 43; Cheney Co. v. Cunningham et al., D.C.W.D. Pa., 29 F.Supp. 847; Stadium Mfg. Co., Inc., v. Plymouth Pajama Corp., D.C.Mass., 24 F.Supp. 779.

If the motion to dismiss had not been made by plaintiffs, this court would be inclined to follow the practice in O'Leary et al. v. Liggett Drug Co., D.C.S.D.Ohio, 1 F. R.D. 272, and in Lambert et al. v. Dempster Brothers, Inc., D.C.E.D.Tenn., 34 F. Supp. 610, where the court reserved judgment on the motion until the trial upon the merits. In the event of such a trial, a ruling was not required. However, here the apprehension of defendant is justified as the plaintiffs have moved to dismiss.

802

In the case of Leach v. Ross Heater & Mfg. Co., Inc., supra, there was a divided opinion. The opinion of the court was written by Circuit Judge Patterson, and Circuit Judge Clark wrote a concurring opinion; Circuit Judge Learned Hand dissented. The court said in the principal opinion (104 F.2d page 91): "Is the defendant's case for declaratory judgment worse because presented in a counterclaim, his adversary having already brought suit for infringement? The district courts have generally sanctioned such a counterclaim in suits for patent infringement. [Citing the Link-Belt Co. v. Dorr Co.; Meinecke v. Eagle Druggists Supply Co.; and Dewey & Almy Chemical Co. v. Johnson, Drake & Piper, Inc. cases. See, also, 50 Harv.L.Rev.357.] We think that these decisions are sound. * * *"

Judge Patterson's decision was based upon the former equity practice. Judge Clark reached the same conclusion but thought that a like result would be reached by an application of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ Eliminating from our consideration for the moment the reasons set forth in the motion for dismissal, we would have concluded on principle and authority that the defendant should be permitted to plead a counterclaim for a declaratory judgment with respect to the patent sued on by the plaintiffs.

■ Proposed amendment 3 is to plead a counterclaim for a declaratory judgment adjudicating Patent No. 2,234,138, issued March 4, 1941, and Patent No. 2,240,388, issued April 29, 1941, to be invalid and not infringed by the defendant. On March 13, 1941, plaintiffs notified the defendant that, because of the practice by defendant of a process at its sheepskin and lambskin dye and dressing works in Milwaukee, Wisconsin, defendant had infringed Patent No. 2,-234,138, owned and controlled by plaintiffs. Subsequently, on May 1, 1941, plaintiffs gave defendant a similar notice as to claimed infringement of Patent No. 2,240,388. Both notices called upon the defendant to desist and refrain from continuing to infringe such patents. Apparently plaintiff did nothing further than to give said notices to the defendant. No action was commenced nor was the trade notified. Upon the authority of E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852, certiorari denied 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884, such pleading is proper. If a suit for declaratory judgment could be brought as an original action, there is no apparent reason why it could not be set up in a counterclaim, especially as all of the patents mentioned seem to relate to a process for treating animal pelts.

■ Plaintiffs objected to the third proposed amendment because they allege they have brought two suits, one in the Southern District of New York and the other in the Eastern District of New York, for infringement of the two patents which form the subject of defendant's proposed third amendment. However, the defendant herein is not a party to either of those suits. The persons or concerns who may have been sued may not have the financial ability or the inclination to contest vigorously the questions that are there raised. Certainly this defendant should not be precluded because those actions are now pending. Ostby & Barton Co. v. Jungersen, D.C.N.J., 41 F.Supp. 552, 554.

■ Plaintiffs also contend that since the times when they notified the defendant of claimed infringements of Patents No. 2,-234,138 and No. 2,240,388 they have granted an exclusive license to the Calva Fur Patents Corporation, which is a New York corporation, and that said corporation would be a necessary party, and that jurisdiction could not be obtained in this court over the New York corporation. However, the granting of an exclusive license to, or the starting of suits against others elsewhere are not grounds for dismissing a suit for declaratory judgment in this jurisdiction. "* * * If an exclusive licensee is an indispensable party defendant, the patent owner would always have a defense to suits for declaratory judgments by resorting to the expedient of granting to an associated corporation, an inhabitant of another district, an exclusive license * * *" Bakelite Corp., et al. v. Lubri-Zol Development Corp., D.C., 34 F.Supp. 142, 144.

■ As to plaintiffs' motion to dismiss, we must consider the defendant's answer to be amended as indicated heretofore. Plaintiffs allege that the United States Office of Production Management, on December 12, 1941, took over and has retained control of the entire shearling supply in the United States; that defendant's production of tanned or dressed or dried shearlings must necessarily be taken over by the federal government; that under Title 35, U.S.C.A. § 68, whenever a patented invention shall be

used for the United States without the license of the owner, such owner's remedy shall be a suit against the United States in the Court of Claims; and that this court could not grant any injunctive relief. Plaintiffs offer to waive all claims and demands against defendant for infringement of the patent described in the complaint, up to and including December 12, 1941.

Certainly this court should not try a moot case. But defendant contends that the case is not moot; that while the government has taken over shearlings, this does not apply to sheep and lamb skins which have not been sheared; and that the defendant is presently engaged in processing sheep and lamb skins which are not classified as shearlings.

No contention is made that the patent described in complaint is confined to the tanning or processing of shearlings. Plaintiffs do not offer to consent to a decree of non-infringement or to consent to a decree adjudging the patent invalid. In spite of the somewhat belated statement of plaintiffs that they have now concluded that defendant does not infringe the patent described in the complaint, nevertheless an actual controversy does exist.

It appears from the affidavit of Laskin that it is one of the terms and provisions of the defendant's contract with the government that it must protect and save the government harmless from all claims of patent infringement. In as much as the defendant is tanning and processing unshorn skins for private consumption, and the process of treating the animal pelts is the same whether the wool is shorn or unshorn, the controversy cannot be called moot, and the defendant is entitled to have it settled in this jurisdiction.

Plaintiffs strenuously contend that in as much as no notice was given to the trade there is no justiciable controversy. Scruggs v. Casco Corp., D.C., 32 F.Supp. 625, would seem to sustain that contention. However, the better rule, which we choose to follow, is expressed in such decisions as Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 7 Cir., 123 F.2d 518; Lances et al. v. Letz, 2 Cir., 115 F.2d 916; Creamery Package Mfg. Co. v. Cherry-Burrell Corp., 3 Cir., 115 F.2d 980.

An order may be entered granting the motion of defendant to amend its answer as requested, and denying the motion of the plaintiffs to dismiss.