TRICO PRODUCTS CORPORATION v. ANDERSON CO.

No. 8614.

Circuit Court of Appeals, Seventh Circuit.

March 7, 1945.

Alfred P. Draper and Fred F. Eichhorn, both of Gary, Ind., Samuel E. Darby, Jr., of New York City, J. Bernhard Thiess, of Chicago, Ill., and Clarence M. Crews, of New York City, for appellant.

George I. Haight and M. K. Hobbs, both of Chicago, Ill., Edwin J. Bean, of St. Louis, Mo., Harrison Brooks, of Buffalo, N. Y., and Ralph G. Lockwood, of Indianapolis, Ind., for appellee.

Before EVANS, SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant's answer to plaintiff's suit for infringement of certain patents asserted invalidity and denied infringement. Defendant interposed also a counterclaim for a declaratory judgment of invalidity and noninfringement, which, upon plaintiff's motion, the District Court dismissed. This appeal questions the propriety of the dismissal, defendant insisting specifically that the court should have entertained the counterclaim for a declaratory judgment as prayed, even though it presented merely the issues raised by the original complaint and the answer.

The Declaratory Judgment Act, 28 U.S.C.A. § 400, requires, as an essential to jurisdiction, that an actual controversy be presented or, as frequently said, a "justiciable question." The controversy must be clearly defined and affect the legal relationship of parties having adverse legal interests. It must submit substantial facts justifying specific relief by way of a judgment of conclusive character, not reflecting merely a dispute of hypothetical or abstract character. Basically the question in each case is whether the facts averred under the existing circumstances present a real controversy between parties having adverse legal interests of such immediacy and reality as to warrant a declaratory judgment. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Altvater v. Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450.

There is a real controversy within this reasoning between the parties here. True, they have presented the issue by complaint and answer. But, obviously, upon trial, the District Court may finally dispose of the dispute by finding merely that there has been no infringement, leaving the question of validity wholly undetermined. Defendant may not be satisfied with a judgment of noninfringement. It asserts, and must be deemed to have, a substantial interest in an adjudication of nonvalidity. Clearly it might file an independent suit seeking a declaratory judgment. Rather than follow this procedure, it has interposed, we think with propriety, a counterclaim seeking the same relief. This language of Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., 6 Cir., 126 F.2d 172, 174, is pertinent: "Our experience with patent infringement cases would lead to a conclusion that mere dismissal of a plaintiff's bill does not always adjudicate every aspect of the controversy or give the defendant all the relief to which he may be entitled. To illustrate: It frequently happens that the court, in a patent or trademark infringement suit, finding the defendant innocent of infringement, deems it unnecessary to determine issues of title, validity, or the scope of the patent claims. One defendant exonerated of infringement may be content with such adjudication—another may not. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263, illustrates the point that mere exoneration from infringement does not always meet the necessities of a wrongfully accused defendant. His activities are still circumscribed by the monopoly based upon the patent grant. Convinced that the patent * * * is invalid, he is still hampered and embarrassed by the necessity of avoiding trespass. * * * He wishes to be free from the restrictions of an invalid patent or trademark, * * *. The Declaratory Judgment Act furnishes him with the means of escape. We see no reason why it should not be available to him as a counterclaim when circumstances would have permitted a separate suit."

Equity abhors multiplicity of actions and when it takes jurisdiction for

one purpose should do so for all germane purposes and dispose of all issues necessary to a complete final adjudication. We agree, therefore, with the reasoning of the decision cited and with that of Cover v. Schwartz, 2 Cir., 133 F.2d 541; Dewey & Almy Chemical Co. v. Johnson, Drake & Piper Co., D.C.N.Y., 25 F.Supp. 1021; Gregory v. Royal Typewriter Co., D.C. N.Y., 27 F.Supp. 808; Benz v. J. Laskin & Sons Corp., D.C.Wis., 43 F.Supp. 799, and Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88.

The situation is not widely at variance with that where a suit is brought to enforce an instrument and defendant, in addition to defence on the merits, presents the same facts in a counterclaim for cancellation; Bay v. Shrader, 50 Miss. 326; Scott v. Menasha, 84 Wis. 73, 54 N.W. 263; or where a suit is brought to establish title to real estate and defendant counterclaims to remove the cloud on the title; Welles v. Rhodes, 59 Conn. 498, 22 A. 286; Greenwalt v. Duncan, C.C., 16 F. 35; Remer v. McKay, C.C., 38 F. 164; or where one sued for specific performance, in addition to denying liability, rightfully counterclaims for cancellation of the contract upon the ground of procurement by fraud.

Defendant insists that Rule 41(a) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, affords defendant sufficient protection against voluntary dismissal of plaintiff's suit for infringement. The rule provides *inter alia* that "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

We think this rule does not bar defendant from prosecuting its counterclaim, since, if the court should dismiss the counterclaim and force plaintiff to trial on the complaint and answer, it may find noninfringement and leave unsettled the issue of validity. Cover v. Schwartz, supra; Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., supra. As Judge Simons said in the Dominion Electrical Mfg. Company case: "Certainly, the court will be better able to appraise the need of the defendant for affirmative relief after a consideration of both the bill and the counterclaim upon the merits, than in a preliminary hearing upon a motion to dismiss."

We think the District Court erred in dismissing the counterclaim. Accordingly the judgment is reversed with directions to proceed in consonance with this opinion.