### LEXINGTON FEDERATION OF TELEPHONE WORKERS, Inc. v. KENTUCKY TELEPHONE CORPORATION.

No. 834.

United States District Court
E. D. Kentucky.

Jan. 20, 1951.

Weldon Shouse, Lexington, Ky., for plaintiff.

Harbison, Kessinger, Lisle & Bush, Lexington, Ky., for defendant.

FORD, Chief Judge.

This case is submitted upon the defendant's motion to dismiss the complaint which seeks a declaratory judgment construing an arbitrator's award. It is alleged in the complaint that the arbitrator held "that each qualified employee, whose starting wage was $.70 or less per hour on January 26, 1950, during the period in question, that is, between January 26th and April 1, 1950, are entitled not only to $.75 per hour from said January 26, 1950, but to the prescribed increase at the expiration of each of the progressive intervals set forth in the applicable wage guide." It is further alleged that the

award was pursuant to an agreement between the parties, by the terms of which the arbitrator was called upon to decide and determine the effect of the amendment to the Fair Labor Standards Act fixing a minimum wage of not less than $.75 per hour for persons employed in industries engaged in Interstate Commerce insofar as it affected the basic rates of pay for the employees of the traffic and plant departments of the defendant company under a subsisting wage agreement.

■■ There is no allegation as to how or in what manner the defendant interprets the award contrary to the interpretation placed upon it by the plaintiff. The complaint points to no claimed ambiguity or misinterpretation of the award on the part of the defendant. The only fact alleged upon which the complainant relies to show the existence of a controversy as to interpretation of the award is that the defendant has failed and refused to comply with its provisions. Obviously, such an allegation falls far short of presenting a justiciable controversy in respect to the interpretation of the award. A pleading invoking relief under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, must set out a clearly defined controversy. Trico Products Corporation v. Anderson County, 7 Cir., 147 F.2d 721, 722.

■ A more serious question is presented by the allegations of the complaint showing that the real controversy between the parties arises out of the minimum wage requirements of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq. Neither a contract between the parties nor the award referred to in the pleadings, made pursuant to the contract, is effective to deprive defendant's employees of their statutory rights under the minimum wage requirements of the Act and declaratory judgment interpreting the award would be equally ineffective and would neither terminate nor settle the controversy as to rights arising under the statute. It would serve no useful purpose in that respect. Tennessee Coal Iron & R. Company v. Muscoda Local, 321 U.S. 590, 602, 603, 64 S.Ct. 698, 88 L.Ed. 949.

896

Declaratory judgment procedure may be resorted to only in the sound discretion of the Court and where an effective judgment may be rendered which would settle and terminate the real controversy between the parties. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 462, 65 S.Ct. 1384, 89 L.Ed. 1725; Brilhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620; Angell v. Schram, 6 Cir., 109 F.2d 380.

For the reasons indicated, calling for the exercise of the court's judicial discretion, the motion to dismiss should be sustained. An order will be entered accordingly.