**Thoger G. JUNGERSEN, Plaintiff,**

v.

**Robert R. MILLER, Precision Metal-
smiths, Inc., Defendants.**

**No. 30777.**

United States District Court
N. D. Ohio, E. D.

Sept. 22, 1954.

John C. Oberlin, Cleveland, Ohio, Wallace D. Newcomb, James C. McConnon, Paul & Paul, Philadelphia, Pa., for plaintiff.

Bruce B. Krost of Woodling & Krost, Cleveland, Ohio, for defendants.

FREED, District Judge.

The complaint asserts the breach of a nonexclusive licensing agreement whereby defendant was to pay plaintiff royalties for the manufacture and sale of certain castings covered by specific patents. The answer denies the material allegations of the complaint and sets forth further defenses not relevant to these motions. By way of counterclaim defendant further asserts that plaintiff is guilty of laches and seeks a declaratory judgment on the precise issues raised by the complaint. Plaintiff has moved to dismiss the counterclaim because it does not state a basis for a separate suit in that the jurisdiction of the Court is not established, and that defendant denied plaintiff's demand for royalties. Plaintiff also claims in his brief in support of his motion, that the defense of laches is improperly raised in a counterclaim. Plaintiff, however, relies most heavily on the assertion that the counterclaim is redundant in that it raises no issue not properly decided in the principal case.

Clearly, if the Court has jurisdiction to try the issues raised by the complaint, it also has jurisdiction to try the identical matters when raised by a counterclaim. It is likewise clear that the failure on the part of the defendant to admit a demand for royalties is not fatal, for an actual controversy has been set forth.

■ Whether the matter of laches raised in Paragraph 33 of the counterclaim is, as the defendant claims, merely an additional reason why final adjudication is necessary, or whether it is an affirmative defense as urged by the plaintiff is of no moment as the Court may treat it as if it were properly designated.

■ The problem of an asserted counterclaim which presents no new issues has resulted in sharp differences of opinion among the various courts. The decision in Dominion Electrical Mfg. Co. v. Edwin L. Weigand Co., 1942, 126 F. 2d 172, is controlling in this Circuit. In the judgment of this Court, the best and most sensible time to determine the question is at the time of trial. No possible harm can result from the delay.

Motion to dismiss is, therefore, overruled.