John W. ENGLAND, Plaintiff,

v.

DEERE & COMPANY, Defendant.

Civ. A. No. P. 1927.

United States District Court
S. D. Illinois, N. D.

Jan. 30, 1958.

Mason & Mason, Washington, D. C., Max J. Lipkin, Peoria, Ill., for plaintiff.

Miller, Westervelt, Johnson & Thomason, Peoria, Ill., Brown, Jackson, Boettcher & Dienner (Arthur H. Boettcher

and Cameron A. Whitsett) Chicago, Ill., for defendant.

MERCER, District Judge.

The complaint herein raises the issues of validity and infringement of a patent. The defendant has filed an answer and a counterclaim in which defendant seeks a declaratory judgment that the patent in suit is invalid and not infringed. Plaintiff has filed a motion to dismiss the counterclaim.

Barron and Holtzoff in Federal Procedure and Practice, Rules Edition, Section 400, pp. 818 and 819 states:

"It is also natural, however, that the courts have been somewhat slow to abandon traditional procedure and adopt the comparatively novel procedure involved in counterclaims for declaratory relief in civil action. Indeed in the early cases tried under the rules there were a few decisions to the effect that a counterclaim for declaratory relief is improper if the issues could be completely settled on the complaint and allegations of defense. But the weight of authority is clearly to the contrary and the rule seems now to be well settled that where a real controversy exists, a counterclaim for declaratory relief will not be dismissed merely because it repeats matters alleged in the answer as affirmative defenses to the complaint.

"Thus in patent litigation the alleged infringer may by counterclaim set up the invalidity of the patent and demand a declaratory judgment that the patent is invalid and not infringed, notwithstanding that except for his prayer for relief nothing more is alleged in the counterclaim than is contained in his allegations of defense in the answer. The advantage of interposing such a counterclaim is that it prevents the plaintiff from dismissing his complaint and leaving the defendant without an adjudication on the issues of validity and infringement."

The Court of Appeals for the Seventh Circuit, in the case of Trico Products Corporation v. Anderson Co., 147 F.2d 721, in which the same question is involved as in the motion herein, states at page 722 as follows:

"There is a real controversy within this reasoning between the parties here. True, they have presented the issue by complaint and answer. But, obviously, upon trial, the District Court may finally dispose of the dispute by finding merely that there has been no infringement, leaving the question of validity wholly undetermined. Defendant may not be satisfied with a judgment of noninfringement. It asserts, and must be deemed to have, a substantial interest in an adjudication of non-validity. Clearly it might file an independent suit seeking a declaratory judgment. Rather than follow this procedure, it has interposed, we think with propriety, a counterclaim seeking the same relief."

Other cases involving the same points have permitted the counterclaim to stand. These cases are: Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., 6 Cir., 126 F.2d 172; Dewey & Almy Chemical Co. v. Johnson, Drake & Piper, Inc., D.C., 25 F.Supp. 1021; Meinecke v. Eagle Druggists Supply Co., D.C., 19 F.Supp. 523; Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88.

The plaintiff has cited in support of his motion to strike the counterclaim, the cases of: Hann v. Venetian Blind Corp., D.C., 15 F.Supp. 372; Forstner Chain Corp. v. Gemex Co., D.C., 1 F.R.D. 115.

These cases appear to be in point, however they are contrary to the weight of authority and contrary to the holding in the Seventh Circuit Court of Appeals case of Trico Products Corporation v. Anderson Co., 147 F.2d 721.

It is the opinion of the Court that the plaintiff's motion to dismiss counterclaim should be denied and it is so ordered.